315 So.2d 405 (1975)
Barbara Jean Gaspard Cook, wife of/and Donald Ray COOK
v.
DESHAUTREAUX & KLEIN PEDIATRIC CLINIC, et al.
No. 6864.
Court of Appeal of Louisiana, Fourth Circuit.
July 8, 1975.
LaBorde & Brooks, John H. Brooks and Gerald T. LaBorde, New Orleans, for plaintiffs-appellees.
Lemle, Kelleher, Kohlmeyer & Matthews, Paul B. Deal, New Orleans, for defendants-appellants.
*406 Before REDMANN, LEMMON and BEER, JJ.
LEMMON, Judge.
This is an appeal from a judgment on a rule, denying the refund of an overpayment of interest on an earlier judgment on the merits. The narrow issue in this appeal is: When was judicial demand against the parties cast in the judgment on the merits?
On October 13, 1972 plaintiffs filed a tort action to recover damages resulting from a slip and fall in the entrance of a certain building. Plaintiffs named as defendants the two doctors who leased a portion of the building for operation of a pediatric clinic, the clinic (under its trade name), the XYZ Insurance Company (as insurer of the doctors), and the ABC Corporation (as owner of the building), alleging that the true identity of the latter two defendants was then unknown.
After learning the proper names of the owner and its insurer through discovery procedure, plaintiffs filed a supplemental and amended petition on April 10, 1973 and substituted Deskle Corporation and Aetna Casualty & Surety Company for ABC and XYZ named in the original petition.
After a trial on the merits judgment was rendered against Deskle and Aetna in solido, including interest from the date of judicial demand. A subsequent judgment dismissed the two individual doctors. Both judgments eventually became definitive.
When Deskle and Aetna paid the judgment against them, they objected to payment of interest calculated from October 13, 1972, the date of filing of the original petition, rather than from April 10, 1973, the date that Deskle and Aetna were named as defendants. Pursuant to an agreement between counsel, defendants paid the disputed amount and filed the instant rule for a refund.
R.S. 13:4203 provides for legal interest on judgments in tort actions, attaching from the date of judicial demand. In the case of multiple defendants, we interpret this statute to impose interest on the party cast in judgment calculated as a general rule from the date that judicial demand was filed against that party. The pertinent inquiry in this case is whether the particular facts and circumstances warrant an exception to the general rule.
The filing of the original suit against ABC and XYZ did not present a judicial demand against Deskle and its insurer. Moreover, while C.C.P. art. 1153 provides that an amended petition setting forth an action arising out of the occurrence set forth in the original petition relates back to the date of original filing, the amended petition in this case brought in an entirely new party (and its insurer), a party which was not sued in the earlier pleading and was not a successor to any party previously in the litigation.[1]
Neither did the filing of the original suit against the doctors present a judicial demand against Deskle and its insurer. Although the two doctors apparently owned all of the shares of Deskle stock, a suit against individual shareholders (especially one based on the shareholder's negligence in an individual capacity) does *407 not constitute a judicial demand against the corporation for damages based on corporate liability. Furthermore, the facts and circumstances shown do not indicate any reason to ignore the existence of the corporation as a separate entity.
We therefore hold that the date of judicial demand against Deskle and its insurer was April 10, 1973.
Accordingly, the judgment of the trial court is reversed, and it is now ordered that the rule be made absolute and that interest on the judgment shall attach from April 10, 1973.
Reversed and rendered.
NOTES
[1] We distinguish cases such as Stewart v. Maloney Trucking & Storage, Inc., 147 So. 2d 62 (La.App. 4th Cir. 1962), in which an original petition naming a closely allied corporation (with a similar name and the same address and officers) was corrected by the filing of an amended petition naming the proper corporate defendant. See, however, the language in Majesty v. Comet-Mercury-Ford Co. of Lorain, Mich., La., 296 So.2d 271 (1974) to the effect that an amending petition to correct a misnomer does not relate back to the filing of the original petition. Also, see Federal Rule 15(c), the source of C.C.P. art. 1153, which was amended in 1966 to provide under certain circumstances for the relation back of amendments which correct a misnomer or misdescription of a defendant, and see 6 Wright & Miller, Federal Practice and Procedure § 1498 (1971).