434 So.2d 1083 (1983)
Frances RAY
v.
ALEXANDRIA MALL, Through their Insurer, The ST. PAUL PROPERTY AND LIABILITY INSURANCE.
No. 83-C-0158.
Supreme Court of Louisiana.
June 27, 1983.
P. Spencer Torry, Alexandria, for applicant.
Frederick B. Alexius, Provosty, Sadler & deLaunay, Alexandria, for respondents.
BLANCHE, Justice.
We are asked to determine whether the lower courts erred in sustaining a peremptory exception of prescription urged in opposition to the plaintiff's action to recover damages allegedly sustained by her on February 18, 1981 when she slipped and fell in the Alexandria Mall in Alexandria, Louisiana.
On February 4, 1982, Frances Ray filed a damage suit styled "Frances Ray versus Alexandria Mall, Through Their Insurer, The St. Paul Property & Liability Insurance." The first paragraph of the plaintiff's petition averred as follows:
"That the ALEXANDRIA MALL is a corporation organized under the laws of the State of Louisiana, with its principal place of business being in Alexandria, Louisiana and is insured by THE ST. PAUL PROPERTY AND LIABILITY INSURANCE, an Illinois corporation which is doing business in the State of Louisiana and is hereinafter referred to as the defendant."
Although the suit described the Alexandria Mall as a "corporation organized under the laws of the State of Louisiana", the *1084 "Alexandria Mall" as named is in fact a non-existent legal entity. Apparently, a partnership entitled the "Alexandria Mall Company" does business as the Alexandria Mall. Although the partnership was not named specifically in the suit, the mall's liability insurer, St. Paul Property & Liability Insurance, was named in the petition, though it is unclear whether it was truly named as a defendant or whether the plaintiff merely named St. Paul to more particularly describe the true defendant.[1] On February 8, 1982, the general manager of the mall, Ann Shapiro, was served with a copy of the petition at her mall office.
On February 24, 1982, the defendants filed a declinatory exception of insufficiency of service of process, urging that the mall was owned by a partnership which had not been served properly in accordance with the Louisiana Code of Civil Procedure. See La.C.C.P. art. 1263. Thereafter, on March 12, 1982, before the trial court ruled on the declinatory exception, the plaintiff amended her petition to formally name the "Alexandria Mall Company," the partnership, as a defendant, with T.C. McLure as the agent for service of process.[2] The declinatory exception was sustained by the trial court on April 27, 1982.[3]
On May 11, 1982, the plaintiff filed a second amending petition naming the partnership as a defendant and requesting service on Donald Bradford, a partner residing in Baton Rouge. The defendants then filed a peremptory exception of prescription, urging that the proper defendant, the partnership, had not been sued until after the cause of action had prescribed on February 18, 1982.[4] The exception of prescription was sustained on May 28, 1982, and the court of appeal affirmed. 424 So.2d 1245 (La.App.1982). We granted writs to examine the propriety of these rulings.
We are of the opinion that the exception of prescription was sustained improperly. In our view, amendment of the plaintiff's petition could have and did remove the grounds upon which the exception had been sustained, and the amendment should have been held to relate back to the date of filing of the original petition. La.C. C.P. art. 934, 1153. Accordingly, we reverse.
La.C.C.P. art. 1153 provides:

*1085 "When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading."
A concomitant provision is La.C.C.P. art. 934, which provides the procedural mechanism by which petitions may be amended to remove the grounds upon which a peremptory exception of prescription might have been sustained:
"When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed."[5]
Art. 1153 is based upon Federal Rule of Civil Procedure 15(c), which provides:
"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him." (emphasis supplied)
There is a considerable amount of federal jurisprudence interpreting this provision, and these opinions are helpful and persuasive in interpreting our art. 1153.[6]
An amendment under Rule 15(c) which changes the identity of the party or parties sued relates back to the filing of the original pleading as long as three prerequisites are satisfied: (1) the amended claim must arise out of the same occurrence set forth in the original pleading; (2) the purported substitute defendant must have received such notice of the institution of the action that he will not be prejudiced in maintaining a defense on the merits; and (3) the purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper parties, the action would have been brought against him. Bush v. Oceans Intern., 621 F.2d 207 (5th Cir.1980); Simmons v. Fenton, 480 F.2d 133 (7th Cir.1973); see also Anastasio v. Holiday Inns, Inc., 93 F.R.D. 560 (D.N.J.1982); American Banker's *1086 Ins. Co. of Florida v. Colorado Flying Academy, 93 F.R.D. 135 (D.Colo.1982); Malmrose v. Aljoe's Estate, 92 F.R.D. 490 (D.Pa.1981). Rule 15(c) alters the generally accepted rule that a new defendant may not be added after prescription has run, and the facts of each case must be viewed carefully subject to the following caveat: this rule does not apply where the amendment seeks to add new and unrelated defendants, since this would be tantamount to assertion of a new cause of action. See Williams v. U.S., 405 F.2d 234 (5th Cir.1968); Ingenito v. Bermec Corp., 441 F.Supp. 525 (D.N.Y. 1977); cf. Naxon Telesign Corp. v. GTE Information Systems, Inc., 89 F.R.D. 333 (D.Ill.1980).
Our review of the federal jurisprudence has uncovered several cases which are strikingly similar to the instant case, particularly Taormina Corp. v. Escobedo, 254 F.2d 171 (5th Cir.1958), cert. denied, 358 U.S. 827, 79 S.Ct. 44, 3 L.Ed.2d 66, where a farm employee brought an action for damages against a corporate defendant and certain family members who operated the farm where he worked. The farm had actually been operated by the family members as a partnership, and the partnership moved to dismiss the plaintiff's amended petition which named the partnership as a defendant because the amendment had been filed after prescription (a Texas "statute of limitations") had run. The court of appeal applied the following objective standard to the facts:
"[Is it] reasonable to concude that the plaintiff had in mind a particular entity or person, merely made a mistake as to the name, and actually served the entity or person intended; or [did] the plaintiff actually [mean] to serve and sue a different person." Id. at 173. (citations omitted)
Applying the objective standard, the court of appeal ruled that the plaintiff had actually sued the person he had originally intended to sue and that the partners had "studiously avoided" disclosure of their partnership interests. Finding that "those who had the liability had notice of the suit," the court of appeal ruled that Rule 15(c) allowed the amendment to relate back to the date of original filing, even though prescription (the statute of limitations) had run before the partnership was named as a defendant. Id.; see also Maxey v. Thompson, 680 F.2d 524 (7th Cir.1982); Florence v. Krasucki, 533 F.Supp. 1047, (D.N.Y.1982); Hart v. Bechtel Corp., 90 F.R.D. 104 (D.Ariz.1981); Horwitt v. Longines Wittnauer Watch Co., Inc., 388 F.Supp. 1257 (D.N.Y.1975); particularly see Adams v. Beland Realty Corp., 187 F.Supp. 680 (D.N.Y. 1960).
In reviewing the instant case, we have found that the defendants have engaged in a smokescreen of legalistic maneuvering in order to dodge judicial resolution of the merits of the plaintiff's claim. As eloquently stated by the late Henry McMahon, one of the chief redactors of the new Louisiana Code of Civil Procedure, "The new code embodies procedural rules designed to permit the trial of a case to serve as [the] search for the truth, and to have [the] decision based on the substantive law applicable, rather than upon technical rules of procedure." Amendment of pleadings plays a central role in assuring that the pleadings are not an end in themselves, but only the means of properly presenting the case for full judicial resolution on the merits. See Tate, Amendment of Pleadings in Louisiana, 43 Tul.L.Rev. 211 (1969); also McMahon, The Louisiana Code of Civil Procedure, 21 La.L.Rev. 1, 21 (1960); cf. Baker v. Payne and Keller of Louisiana, Inc., 390 So.2d 1272 (La.1980) as discussed in n. 5, supra. The express purpose of arts. 934 and 1153 is to allow amendment of the petition to remove the grounds for the peremptory exception whenever possible and where dismissal of the suit should not be in the interests of justice. La.C.C.P. arts. 934, 1153, official revision comments; cf. Reeves v. Globe Indemnity Co. of New York, 185 La. 42, 168 So. 488 (1936); Hodges v. LaSalle Parish Police Jury, 368 So.2d 1117 (La.App. 2nd Cir.1979).
In keeping with these precepts, we establish the following criteria for determining whether art. 1153 allows an amendment which changes the identity of the party or parties sued to relate back to the date of filing of the original petition:

*1087 (1) The amended claim must arise out of the same transaction or occurrence set forth in the original pleading;
(2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;
(3) The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him;
(4) The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.
Applying these standards to the facts of the instant case, there is little doubt that dismissal of this suit would not be in the best interests of justice. See La.C.C.P. art. 1153, comment, supra. The plaintiff's amended claim clearly arose out of the same transaction or occurrence as her original petition. The amended petitions merely sought to name, in response to the defendants' declinatory exception of insufficiency of service of process, the party who actually owned and operated the Alexandria Mall. Furthermore, the purported substitute defendant named in the amended petitions clearly knew or should have known that but for the plaintiff's mistake in suing the "Alexandria Mall" rather than the "Alexandria Mall Company," a partnership, the action would have been brought against it in proper style. St. Paul had been paying the plaintiff's hospital and medical bills for more than a year following the accident, and the defendants' operating officer, mall manager Ann Shapiro, had been served with a copy of the petition well before prescription on the action had run. Moreover, by the defendants' own admission at oral argument, they waited silently until prescription had run before filing their exceptions which revealed the true identity of the mall's owners.
Under these circumstances, given the extensive knowledge of the defendants as to the plaintiff's claim, it is apparent that the defendants will in no way be prejudiced in the defense of the plaintiff's suit. Finally, it is clear that the amended petitions named no wholly new or unrelated defendant. There is only one Alexandria Mall in Alexandria, Louisiana. The reasonable interpretation of the record is that the plaintiff had in mind suit against the Alexandria Mall, whether it be through its insurer, St. Paul, or the Delaware corporation "Louisiana Investors of Delaware, Inc.," or the "Alexandria Mall Company," a partnership. Furthermore, it is obvious that the plaintiff merely made a mistake as to the proper name of the defendant and that service was ultimately made upon the proper party defendant. No persuasive argument can be made that the plaintiff actually intended to sue someone else. Accord Taormina Corp. v. Escobedo, supra.
For these reasons, the exception of prescription was sustained improperly.[7] The amendments naming the proper party defendant relate back to the date of the original filing, which was February 4, 1982. La. C.C.P. art. 1153. In a case involving similar facts, Majesty v. Comet-Mercury-Ford Co. of Lorain, Mich., 296 So.2d 271 (La.1974) (Dixon and Calogero, JJ., dissenting), this court held that an amending petition to correct a "misnomer" does not relate back to the date of filing of the original petition.[8] Many of these cases are factually distinguishable, involving the substitution *1088 of wholly new or unrelated defendants or other such matters,[9] but to the extent that Majesty and its progeny hold inconsistently with the views expressed herein, they are overruled.
Under ordinary circumstances, a remand to the trial court might be appropriate for the trial court to grant the plaintiff leave to amend her petition in order to remove the ground upon which the peremptory exception of prescription was sustained. See La. C.C.P. art. 934, supra. However, based on the record before us, there can be little doubt that the subsequent amending petitions of the plaintiff have named the proper party defendants. Accordingly, a remand for such a purpose is unnecessary, and the exception of prescription is hereby overruled.

DECREE
For the foregoing reasons, the judgments of the trial court and court of appeal are hereby reversed, and the peremptory exception of prescription is overruled. Since the exception was sustained prior to trial on the merits, the case is hereby remanded to the trial court to allow the defendants to file an answer and for further proceedings on the merits of the action.
REVERSED AND REMANDED.
NOTES
[1] It is also unclear as to whether St. Paul was actually served with process, although the plaintiff's petition requested specifically that both the mall and St. Paul be served. The defendants' declinatory exception for insufficiency of service of process averred that "the citation and accompanying petition were served on St. Paul Property and Liability Insurance and Ann Shapiro." However, during oral argument before this court, counsel for the defendants was questioned specifically as to whether St. Paul had actually been served. The answer, at least during oral argument, was never clear. Furthermore, we find nothing in the record which would positively confirm that St. Paul had indeed been served.

Under Louisiana law, an insured and his liability insurer are solidarily liable, and suit against one solidary obligor interrupts prescription as to all, even if they are not named in the original complaint. See La.Civ.Code art. 2091; LSA-R.S. 9:5801; Williams v. United States, 353 F.Supp. 1226 (D.La.1973); Carpenter v. Illinois Cent. Gulf R. Co., 524 F.Supp. 249 (D.La.1981); Kern v. Travelers Ins. Co., 407 So.2d 2 (La.App. 4th Cir. 1981). Aside from the fact that it is unclear as to whether St. Paul was actually served with process, we are not altogether positive that St. Paul was actually made a party defendant and hesitate to render a judgment based upon such tenuous circumstances.
[2] It was contended by the plaintiff and conceded by the defendants in oral argument that the Rapides Parish records at this time reflected that the Alexandria Mall was owned by "Louisiana Investors of Delaware, Inc., a Delaware Corporation" registered to do business in Louisiana with "T.C. McLure, Jr., 901 Sixth Street, Alexandria, La. 71301" as its registered agent for service of process. The record submitted in this case reflects no change in the parish records showing that the Alexandria Mall is now owned by the "Alexandria Mall Company," a partnership.
[3] Although the plaintiff requested written reasons for the ruling on May 6, 1982, we find none entered into the record.
[4] This exception was actually filed on May 5, 1982, before the plaintiff's second amending petition. The essence of the defendants' claim was that no subsequent amendment of any type could relate back to the original petition filed on February 4, 1982.
[5] The great bulk of the jurisprudence in this state deals with relation-back of amendments designed to cure the grounds upon which peremptory exceptions of no cause/no right of action have been granted. Note, however, Majesty v. Comet-Mercury-Ford of Lorain, Mich., 296 So.2d 271 (La. 1974) and its progeny, discussed infra; also Baker v. Payne and Keller of Louisiana, Inc., 390 So.2d 1272 (La. 1980), which is close to this case factually, but distinguishable. Baker involved an amendment by the plaintiff after prescription had run to allege additional facts as to one of the original defendants, Maryland Casualty Co. This court held that the original suit had interrupted prescription as to Maryland and that the amendment should relate back under art. 1153 since Maryland had "fair notice" of the proceedings against it. Id. at 1275. In connection with the Baker and Majesty cases, also see LSA-R.S. 9:5801, providing for the interruption of prescription as to all solidary obligors named as defendants. See also n. 1, supra, and n. 7, infra.
[6] The reason why our art. 1153 does not reflect the last sentence of Rule 15(c) as to the relation-back of amendments changing parties is that the latter provision was not added to Rule 15(c) until 1966. See Tate, Amendment of Pleadings in Louisiana, 43 Tul.L.Rev. at 231, n. 137 (1969); Projet, Louisiana Code of Civil Procedure, art. 1153 (1959). The federal rule was amended by Act of Feb. 28, 1966 to "state more clearly when an amendment of a pleading changing the party against whom a claim is asserted [including a misnomer or misdescription] shall `relate back' to the date of the original pleading." Fed.Rule of Civ.Proc. 15(c), Notes of Advisory Committee on Rules, 1966 Amendment; Tate, supra; 3 Moore's Fed. Practice, § 15.01[9], (2nd Ed.1948, suppl. 1983).
[7] See these closely analogous cases: Langlinais v. Guillotte, 407 So.2d 1215 (La.1981); Lunkin v. Triangle Farms, 208 La. 538, 545, 23 So.2d 209 (1945); Jackson v. American Employers' Ins. Co., 202 La. 23, 11 So.2d 225 (1942); Lushute v. Diesi, 343 So.2d 1132 (La.App. 3rd Cir.1977); Reed v. Employers Mutual Liability Ins. Co. of Wis., 303 So.2d 506 (La.App. 2nd Cir.1974).
[8] See also Martin v. Mud Supply Co., 239 La. 616, 119 So.2d 484 (1960); Bennett v. General Motors Corp., 420 So.2d 531, 539 (La.App. 2nd Cir.1982); Wicker v. Coca-Cola Bottling Co., 418 So.2d 1378, 1381 (La.App. 5th Cir.1982); Scales v. State, 411 So.2d 658, 660 (La.App. 4th Cir.1982); Clark v. McDonald Systems, Inc., 383 So.2d 61 (La.App. 2nd Cir.1980); Hill v. Provozano, 377 So.2d 378 (La.App. 4th Cir. 1979); Schlumbrecht v. Executive Officers, Etc., 371 So.2d 389 (La.App. 4th Cir.1979); Fleur de Leis Apts. v. Davidson Sash, Etc., 364 So.2d 234, 239 (La.App. 3rd Cir.1978); Kinchen v. Fontenot Constr. Co., 359 So.2d 661, 663 (La.App. 1st Cir.1978); Roby v. Owens-Illinois, Inc., 357 So.2d 99 (La.App. 4th Cir.1978); Morgan v. Epps, 356 So.2d 1027 (La.App. 1st Cir. 1977); Favors v. Southern Industries, Inc., 344 So.2d 693 (La.App. 1st Cir. 1977); Chin See Fun v. Louisville & N.R. Co., 344 So.2d 8, 10 (La. App. 4th Cir. 1977) (Redmann, J. dissenting); McClendon v. Security Ins. Co. of Hartford, 340 So.2d 426, 428 (La.App. 4th Cir. 1976); Rollins International, Inc. v. Melder, 323 So.2d 226, 228 (La.App. 3rd Cir. 1977); Small v. Caterpillar Mfg. Corp., 319 So.2d 843, 844 (La.App. 1st Cir. 1975); Anderson v. Sciambra, 310 So.2d 128, 131 (La.App. 4th Cir. 1975); Trahan v. Liberty Mutual Ins. Co., 303 So.2d 606, 613 (La. App. 3rd Cir. 1974).
[9] For some good distinctions of the Majesty rationale, see Original Caboose, Inc. v. Ullo, 399 So.2d 1188, 1189 (La.App. 4th Cir.1981); Peyton v. Torg Films Co., 370 So.2d 613, 614 (La.App. 4th Cir.1979); Cook v. Deshautreaux & Klein Pediatric Clinic, 315 So.2d 405, 406 (La.App. 4th Cir. 1975).