Michael E. KATZ

v.

PRINCESS HOTELS INTERNATIONAL, INC., et al.

Civ. A. No. 93–2294.

United States District Court, E.D. Louisiana.

Nov. 9, 1993.

Clifford E. Cardone, Law Offices of Clifford E. Cardone, Donald M. Pierce, New Orleans, LA, for plaintiff.

Temple Ann Stephens, Law Office of Donald T. Giglio, New Orleans, LA, for defendants.

ORDER AND REASONS

FELDMAN, District Judge.

Before the Court is defendant's motion to dismiss. For the following reasons, the Court DENIES without prejudice the motion as to the issue of personal jurisdiction and DENIES with prejudice the motion as to the issue of prescription. This motion implicates a maze of corporate structures that are now raised as barriers, perhaps superficial, perhaps real, to this Court's jurisdiction.

## Background

The plaintiff, Michael Katz, says he was injured on or about May 10, 1985, when he slipped and fell at a restaurant within the premises of the Bahamas Princess Resort and Casino in the Bahamas. He claims he suffered severe injuries to his head, neck, back and shoulders. The plaintiff charges that the owners or operators of the restaurant and casino premises were negligent.

On May 9, 1986, one day before the statute of limitations lapsed, plaintiff, through his former counsel, filed suit in state court in Louisiana, naming the defendant, Princess Hotels International, Inc., as the owner or operator of the hotel and casino complex, which included the restaurant (and its unknown insurer). Defendant raised the obstacle of corporate structure.

On November 25, 1986, Princess Hotels International, Inc. filed declinatory exceptions and submitted an affidavit by Rudolph H. Funke, its Secretary and General Counsel, which stated that Princess Hotels International, Inc. did not own or operate the Bahamas Princess Resort and Casino and that it had never conducted business in Louisiana. The plaintiff voluntarily dismissed this defendant.

On June 16, 1988, the plaintiff filed his first supplemental and amending petition against Princess Casinos, Inc. as the owner or operator of the Bahamas Princess Resort and Casino complex. The gamble didn't pay off. Princess Casinos, Inc. filed its answer on June 14, 1991 which generally denied the allegations contained in plaintiff's original and supplemental petitions.

In May 1993, the plaintiff retained his present counsel. Thereafter, the plaintiff noticed the deposition of Princess Casinos, Inc. and on June 3, 1993, Princess Casinos, Inc. produced Mr. Funke, this time in his capacity as Secretary of and General Counsel to Princess Casinos, Inc., a wholly-owned subsidiary of Princess Hotels International, Inc., the previously dismissed defendant.

After the receipt of still more information, Mr. Katz's counsel filed plaintiff's second supplemental and amending petition, naming as defendant Princess Properties International, Ltd., as the owner of the building unit that contained the restaurant. Princess Properties International, Ltd. thereafter removed the suit to federal court and responded with the motion practice that is presently before the Court.

After the deposition of Mr. Funke, the plaintiff filed a third supplemental petition naming as another defendant, Lonrho, PLC, the parent corporation of Princess Properties International, Ltd. and Princess Hotels International, Inc. The maze became an obstacle course for Mr. Katz.

It is admitted that Princess Casinos, Inc. operated as a marketing conduit of the Princess Properties International resort, to conduct formal campaigns to solicit customers in Louisiana to travel to the resort in Freeport. It is also undisputed that the resort is the owner of the building unit that housed the restaurant where the plaintiff allegedly slipped and fell. The parties, however, dispute what effect these contacts have on whether or not Princess Properties International is subject to jurisdiction in Louisiana.

The significance of the contacts turns largely on the complicated relationship between Princess Casinos and Princess Properties International. Both Mr. Katz and Princess Properties International have outlined the maze of corporate relationships of the defendants in this case. The corporate structure of the defendants in this case appears to be divided into two organizational blocks: the so-called "U.K." arm and the "U.S.A." arm. At the top of the structure is Lonrho, PLC, a publicly traded corporation. Lonrho, PLC owns all of London Australian and General Property Company, Ltd., which in turn owns all of Lonrho International, Ltd.

Below Lonrho International, Ltd. is where the structure splits. Lonrho International, Ltd. in turn owns all of Princess Properties International, Ltd. Princess Properties International, Ltd. owns, on the U.K. side, along with others, the assets which comprise the Bahamas Princess Resort and Casino. On the U.S.A. side, Lonrho International, Ltd. owns all of Princess Hotels International, Inc., the parent company of Princess Casi-

no, Inc., the advertising and marketing arm of the casino and resort complex in question.

The defendant claims that each of these corporate entities are separately organized and maintained. There is indeed no parent-subsidiary relationship between Princess Casinos, Inc. and Princess Properties International, Ltd. That seems a superficial observation, however. Mr. Funke is both the Secretary of Princess Properties International, Ltd. and the Secretary and General Counsel of Princess Hotels International, Inc., Princess Casinos, Inc. and other affiliated subsidiaries. In his capacity as Secretary of Princess Hotels International, Inc., Mr. Funke received notice of Mr. Katz's claim and his lawsuit.

Princess Properties International, Ltd., claims that dismissal is appropriate because it is a Bermuda corporation that is not subject to personal jurisdiction in the state of Louisiana. It claims that it neither conducts or solicits business, either by advertisement or through travel agents in Louisiana. Princess Properties International, Ltd., adds that dismissal is appropriate because plaintiff's claim has prescribed.

The plaintiff counters that Princess Casinos, Inc., the sister company of Princess Properties International, Ltd., acted as an agent for the defendant when it performed advertising and marketing services in Louisiana and that its transaction of such business is sufficient to confer personal jurisdiction in this case. The plaintiff also claims that Princess Casinos, Inc. is the alter ego of defendant Princess Properties International, Ltd. and as such, Princess Properties International, Ltd. is directly responsible for the activities performed by Princess Casinos, Inc. Finally, the plaintiff points out that his suit is not prescribed because he initially filed suit against Princess Hotels International, Inc. within the limitation period and that his amendments relate back to the first complaint because they meet the requirements for relation back as articulated by the Louisiana Supreme Court in *Ray v. Alexandria Mall*, 434 So.2d 1083 (La.1983).

### I. *Personal Jurisdiction*

■ It is basic that unless a court has jurisdiction over a defendant, it is powerless to enter a judgment imposing a personal obligation or duty. *See Kulko v. Superior Court of California, Etc.*, 436 U.S. 84, 91, 98 S.Ct. 1690, 1696, 56 L.Ed.2d 132 (1978); *Pennoyer v. Neff*, 95 U.S. 714, 732–33, 24 L.Ed. 565, 572 (1878). It is the Due Process Clause of the 14th Amendment which operates to limit the jurisdiction of courts in a forum state to affect the rights and interests of nonresident defendants. *Shaffer v. Heitner*, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977). The well-known *International Shoe* standard for determining whether the court has personal jurisdiction asks the question, does the nonresident defendant "have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice'"? *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). In effect, the existence of personal jurisdiction, then, depends upon reasonable notice to the defendant, *Mullane v. Central Hanover Trust*, 339 U.S. 306, 313–14, 70 S.Ct. 652, 656–57, 94 L.Ed. 865 (1950), and a sufficient nexus between the defendant and the forum state to make it fair to require defense of the claims against the nonresident within the host forum. *Milliken v. Meyer*, 311 U.S. 457, 463–64, 61 S.Ct. 339, 342–43, 85 L.Ed. 278 (1940). Substance truly conquers form in this environment.

### A.

■ Two theories of personal jurisdiction exist in the case literature. When a cause of action does not arise from or relate to a foreign corporation's purposeful conduct within the venue of the forum state, due process requires continuous and systematic contacts between the state and the corporation to support general jurisdiction. *See Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984); *Dalton v. R. & W. Marine*, 897 F.2d 1359 (5 Cir.1990). On the other hand, when a forum state seeks to assert specific jurisdiction over a nonresident defendant, personal jurisdiction can exist if the nonresident has "purposely directed" activity at residents of the forum and the litiga-

tion results from alleged injury that arises out of or relates to such activity. *Burger King v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). Thus, personal jurisdiction over a nonresident may be of the general or specific variety.

■ Minimum contacts, then, must have a basis in "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state thus invoking the benefits and protections of its laws." *Id.* at 475, 105 S.Ct. at 2183. Mere foreseeability that a product may end up in a state because of the unilateral act of a consumer is insufficient as a ground for personal jurisdiction. *See World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 295–96, 100 S.Ct. 559, 566, 62 L.Ed.2d 490 (1980). But the conduct at issue need not be direct, nor must its venue be in the forum itself. Foreseeability is not irrelevant, and a forum state "does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers a product into the stream of commerce with the expectation that they will be purchased by consumers in the forum State." *Id.* at 297–98, 100 S.Ct. at 567. The distinction between an awareness that the product may end up in the forum state if placed in the stream of commerce and the expectation that it will is important, for the latter implies some activity by (or for) the defendant that is purposely directed toward the forum state even though that conduct does not occur geographically within the venue. *See Asahi Metal Ind. v. Superior Court of Cal., Solano County,* 480 U.S. 102, 111, 107 S.Ct. 1026, 1033, 94 L.Ed.2d 92 (1987) ("a defendant's awareness that the stream of commerce may or will sweep the product into the forum state does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum States.").

■ If the nonresident defendant meets the minimum contacts test, for either general or specific jurisdiction, the court next must decide whether the exercise of jurisdiction comports with " 'traditional notions of fair play and substantial justice,' " *International Shoe Co. v. Washington,* 326 U.S. at 316, 66 S.Ct. at 158. This is conceptually a question of reasonableness and depends on an evaluation of several factors:

1) the burden on the defendant;

2) the interests of the forum state;

3) the plaintiff's interest in obtaining relief;

4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and

5) the shared interest of the several states in furthering fundamental social policies.

*Asahi Metal Ind.,* 480 U.S. at 113, 107 S.Ct. at 1033 citing *World–Wide Volkswagen,* 444 U.S. at 292, 100 S.Ct. at 564.

## B.

Here, it is undisputed that Princess Properties International, Ltd. has no direct contacts with Louisiana. The plaintiff, however, maintains that sufficient minimum contacts for personal jurisdiction purposes have been established in light of the fact that Princess Casinos, Inc. has solicited business for the Princess Properties International resort in Louisiana. The Fifth Circuit has consistently held that an advertising campaign, directed at a state's citizens, is sufficient to meet due process requirements with regard to personal jurisdiction. *See, e.g., Wilkerson v. Fortuna Corp.,* 554 F.2d 745 (5th Cir.1977) (advertising campaign aimed at enticing nonresident patronage constituted sufficient minimal contacts to meet the due process threshold), *cert. denied,* 434 U.S. 939, 98 S.Ct. 430, 54 L.Ed.2d 299 (1977). The question before the Court, therefore, is whether the Court can exercise personal jurisdiction over the defendant based on the Princess Casinos, Inc. contacts with Louisiana.

The plaintiff insists that the Court can exercise personal jurisdiction on either an agency theory or the alter ego theory.

■ After a thorough review of Mr. Funke's deposition and a close reading of the briefs, the Court finds that the record in this case is somewhat unclear on the issue of personal jurisdiction. Although the evidence does not yet conclusively establish that Princess Casinos, Inc. acted as an agent for or an alter ego of the defendant, it certainly con-

tains sufficient circumstantial evidence to infer that a significant relationship and synergy exist between these two parties.[1] That inference, however, is not quite enough. Accordingly, the Court denies the motion to dismiss for lack of personal jurisdiction without prejudice, and will permit plaintiff to take additional discovery on this issue during the next thirty days.

## II. *Prescription*

La.C.C. art. 3492 provides that delictual actions are subject to a one year liberative prescription. The plaintiff was injured on May 10, 1985. He sued Princess Hotels International Inc. on May 9, 1986, just barely beating the one year limitation. The plaintiff did not name Princess Properties International, Ltd. as a defendant until June 16, 1993, well past the one year period. La.C.C. art. 1153 teaches that under certain circumstances an amended petition relates back to the original one so that the statute of limitations is measured from the filing of the first petition. The question before the Court, therefore, is whether plaintiff's amended complaint relates back to the original complaint.

■ *Ray v. Alexandria,* 434 So.2d 1083 (La.1983), is the dominant case for amended petitions as to late-added defendants. The Louisiana Supreme Court established the following criteria for determining whether article 1153 allows an amendment naming the correct party to relate back to the date of filing of the original petition: (1) the amended claim must arise out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading; (2) the substitute defendant must have received notice of the institution of the original claim so that he will not be prejudiced in maintaining his defense on the merits; (3) the substitute knew or should have known that, but for a mistake concerning the identity of the

proper party, the suit would have been brought against him; and (4) the substitute must not be a wholly new or unrelated defendant, because this would be tantamount to the assertion of a new cause of action which would have otherwise prescribed. *Id.*

■ Applying these tests to present case, the Court finds that plaintiff's amended petition clearly relates back to the original complaint, which was filed within the statute of limitations. The plaintiff's amended complaint arose out of the same incident as stated in his original petition. The defendant, through its corporate Secretary, Mr. Funke, received notice of the earlier suit. Moreover, the defendant was, or should have been, aware that but for the mistake concerning the identity of the owner of the property which housed the restaurant, the suit would have been brought against it. The plaintiff's claim was aimed at the owners or operators of the Bahamas Princess Resort and Casino. Finally, given the tangled ownership structure of all the defendants involved and the fact that they all are directly or indirectly tied to the resort where the plaintiff was injured, the amended petitions filed in this case were not brought against any wholly new or unrelated party.

Therefore, the plaintiff has satisfied the requirements of *Ray,* and the amended petition relates back to the filing of the original petition. It is not prescribed.

Accordingly, the defendant's motion to dismiss is DENIED without prejudice on the issue of personal jurisdiction and is DENIED with prejudice on the issue of prescription.

---

1. Even Mr. Funke, when he was not being evasive, at times got confused in his deposition about the maze of companies. He did make clear, however, that the combination of all the companies owns the assets that comprise the resort; that Princess Casinos and Princess Properties International have common directors and officers (he is Secretary of one and assistant

Secretary of the other). What is missing, only, is the extent to which the marketing campaigns of Princess Casinos in Louisiana benefit Princess Properties International (for example, how else does the resort solicit the patronage of Louisiana residents, if at all, and how do the differing marketing programs compare to one another).