hKNOLL, J.,
dissenting.
Although I agree that the majority properly applies Ray v. Alexandria Mall, Through St. Paul Property & Liability Ins., 434 So.2d 1083 (La. 1983), the first mode of analysis utilized in the opinion, I disagree with the majority’s rejection of the fourth application of contra non valen-tem to the facts of this case. As observed in the majority opinion, we have consistently stated that the doctrine of contra non valentem is applicable only in exceptional circumstances. In my view, the facts of this case, as found by the trial court, provide just such an exceptional circumstance.
Contra non valentem has always been a judicially created equitable doctrine applied to ameliorate the harshness which would result from the strict application of prescription in certain situations. State ex rel. Div. of Admin. v. McInnis Brothers Construction, Inc., 97-0742 (La. 10/21/97), 701 So.2d 937, 940. As recognized in the fourth category of contra non valentem, the running of prescription is suspended “[wjhere the cause of action is not known or reasonable knowable by the plaintiff, even though his ignorance is not induced by the defendant.” Corsey v. State of Louisiana, Through the Dept. of Corrections, 375 So.2d 1319, 1322 (La. 1979).
In the present case, the trial court determined that between Jefferson Highway and the Causeway, at least three entities, the Louisiana Department of Transporta *955 tion Land Development (DOTD), Road District No. 1 of the Parish of Jefferson (Road District), and the Greater New Orleans Expressway Commission (GNOEC), maintain and operate some part of Causeway Boulevard (Causeway). Despite this tripartite arrangement, signs along part of the Causeway designate it as LA 3046. It was not until after this litigation ensued that DOTD produced a document dated February 20, 1961, which showed that it did not control the portion of Causeway where the accident occurred.
Even though in hindsight it may be said that the plaintiff may have discovered the proper authority responsible for Causeway at the accident site within the prescriptive period, I disagree with the majority that this fact was reasonably knowable. I find the following facts established exceptional circumstances: (1) although the Jefferson Parish Sheriffs Office was originally summoned to the accident scene, investigation of this accident was turned over to the Louisiana State Police; (2) the State Police accident report identifies that this accident occurred on LA 3046 at milepost 0.9; and, (3) the document on which the DOTD relied upon to prove it was not responsible for the highway at the accident scene, was a 1962 agreement that DOTD produced. Based upon these facts, I do not find that it was known or reasonable knowable to the plaintiff that the portion of the roadway was owned by some party other than the DOTD.
For these reasons, I respectfully dissent.