LED WARD A. DUFRESNE, JR., Chief Judge.
This is an appeal by Robert McCafferty, plaintiff-appellant, from a judgment sustaining an exception of prescription urged by Joseph T. Hamrick, M.D. and his insurer St. Paul Fire & Marine Insurance Co., defendants-appellees, in this delictual action. For the following reasons we affirm the judgment.
On December 3, 1996, while plaintiff was incarcerated in the Jefferson Parish Correctional Center he was involved in a fistfight during which his right eye was injured. On- December 4, 1996, he was taken to Charity Hospital in New Orleans by a Jefferson Parish deputy and examined. Apparently because of blood in the eye the physician could not see enough of the retina to determine if it was injured. He therefore instructed the deputy to return plaintiff within a week to ten days for further examination. That return visit did not take place until February 7, 1997, and it was then determined that plaintiff had a detached retina. Subsequent surgeries were unsuccessful and plaintiff has lost sight in that eye. He stated in deposition that he had a discussion with the treating physician during the LFebruary 7th visit and was told that had he been returned within a week to ten days as per the original order his retina could probably have been repaired and he would not now, be blind in that eye.
On February 6, 1998, plaintiff filed suit against Sheriff Harry Lee. On May 22, 1998, the petition was amended to name as additional defendants the Parish of Jefferson, Dr. Joseph Hamrick as an employee of the Jefferson Parish Correctional Center, and Hamrick’s insurer (later determined to be St. Paul Fire and Marine Insurance Co.). During discovery it was determined that Dr. Hamrick is not an employee of the Correctional Center. Instead he is the medical director of the Jefferson Parish Correctional Center Medical Program, L.L.C. (JPCCMP), an independent entity under contract with the Correctional Center to provide medical services there.
On June 20, 2003, Sheriff Harry Lee filed a motion for summary judgment pointing out that the deputy who brought plaintiff to the hospital on December 4, *86 1996, had given all of the paperwork from that visit, including the order that he be returned within a week or ten days, to the personnel of the JPCCMP. Thus the failure to return plaintiff to the hospital timely was not attributable to the Sheriffs Office, but rather to the JPCCMP. That motion was unopposed by plaintiff and on August 11, 2003, it was granted.
Dr. Hamrick and his insurer then urged an exception of prescription which was sustained on November 17, 2003. Plaintiff now appeals that judgment.
The controlling legal principle at issue here is set forth in Renfroe v. State ex rel. Department of Transportation, 2001-1646 (La.2/26/02), 809 So.2d 947. When one joint tortfeasor or solidary obli-gor is sued timely, that suit interrupts prescription as to all other joint tortfea-sors or solidary obligors. However, if the timely sued party is found not liable to the plaintiff, then that suit does not interrupt Dprescription as to other parties who may be liable to plaintiff because no joint or solidary obligation existed.
In the present case, there is no dispute that plaintiff was aware on his first visit to the hospital that he was to be returned shortly because he was listening to the discussion between the doctor and the deputy. He was not told then of the exact date .of the return visit because of prison concerns of escape attempts. Nonetheless, over the next two months he said that he repeatedly asked the medical personnel at the jail when he would be returning for follow up treatment. He also said that when he was finally brought to the hospital on February 7, 1997, he discussed with the doctor the effects of his delayed treatment. It is clear that plaintiff knew of the delay in his treatment and its possible negative consequences on February 7, 1997, and, therefore, prescription commenced on that date.
Plaintiff sued the sheriff on February 6, 1998, but did not add Dr. Hamrick until May 22,1998. Thus for the prescription of one year to have been interrupted as to Dr. Hamrick, there must have existed a joint or solidary obligation between these parties. However, now that the sheriff has been dismissed from the suit, there is no longer any party defendant who has been sued timely. Therefore, the suit against Dr. Hamrick and his insurer has prescribed.
Plaintiff advances two arguments as to why the exception should not have been maintained. He first contends that his amended petition against Dr. Hamrick related back to the date of filing suit against the sheriff because this suit fits the criteria set forth in Ray v. Alexandria Mall, 434 So.2d 1083 (La.1983). In Ray, a slip and fall case, plaintiff first named Alexandria Mall, instead of Alexandria Mall Co., as the defendant. The manager of the mall was served with the petition and the mall’s insurer paid plaintiffs medical bills before suit was even filed. Finally, the mall admitted that after receiving the petition it remained silent about the mistaken name until the one year prescriptive period had run. Plaintiff then | Jearned of the mistake and amended her petition to name the Alexandria Mall Co. The defendant’s exception of prescription was maintained in the trial court and plaintiff appealed.
In reversing this judgment the supreme court set forth a four part analysis as to when an amended petition should relate back to the date of the original petition as follows:
1. The amended claim must arise out of the same transaction or occurrence as the original claim;
*87 2. The substitute defendant must have received notice of the action such that he will not be prejudiced in defending the suit;
3. The substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant the action would have been brought against him; and
4. The substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would otherwise have prescribed.
In the present matter there is no showing that Dr. Hamrick ever received notice of the suit. Moreover, he is a wholly new defendant and thus the action against him is a new cause of action which has clearly prescribed. We thus reject this argument. See Hebert v. Doctors Memorial Hospital, 486 So.2d 717 (La.1986).
Plaintiffs second argument is that the doctrine of contra non valentem should apply. In Gover v. Bridges, 497 So.2d 1364 (La.1986) the court enumerated the four circumstances in which this doctrine applies, only the fourth of which is at issue here. That is where the cause of action is not known or reasonably knowable to the plaintiff, even though his ignorance is not induced by the defendant. Plaintiff points out that the written order for a return appointment given to the guard at the December 4, 1996 visit to Charity Hospital has been lost, and also notes that plaintiff, for security reasons, was never told the exact date for a | fireturn visit. He urges this court to conclude from these facts that since that exact date is not known, he could not have known when his cause of action arose and thus when prescription commenced. This argument has no merit.
Plaintiff testified in deposition that he knew he was to be returned to the hospital in a fairly short time, and that he repeatedly asked the medical staff at the jail when he would be taken back. He also said that he discussed the delay with the doctor when he was eventually returned on February 7, 1997. Thus, the cause of action was known or reasonably knowable by that date, and the doctrine of contra non valentem is not applicable here.
For the foregoing reasons the judgment sustaining the exception of prescription is hereby affirmed.

AFFIRMED.