952 So.2d 752 (2007)
Elizabeth GAMBEL, Gregory F. Gambel, John J. Cummings, III, and Hugh P. Lambert
v.
U-PARK SYSTEMS OF LOUISIANA, INC., Scottsdale Insurance Co., General Star Indemnity Company and Fernando M. Davila, Jr.
Paul M. Trahan and Mea Culpa Recording Studio, 510 I/2 Gravier St., New Orleans, LA.
v.
John J. Cummings, III, 416 Gravier St., New Orleans, LA., Jefferson Insurance Group, Lloyds of London Insurance ABC Insurance, XYZ Insurance, John Cummings, U Park, Inc.
The Travelers Insurance Company, Lafayette Insurance Company, and Pickering & Associates, d/b/a Pickering, Cotogno & Dunn, A Partnership
v.
Jefferson Insurance Company of New York, Gregory Gamble, and U Parking Company, Inc.
The Hartford Insurance Company of the Southeast, J.A. Hoerner Company, Inc. and Hoerner Corporation
v.
Gregory Gambel, John J. Cummings, III, Hugh P. Lambert, Jefferson Insurance Company of New York, U-Park System of Louisiana, Inc. and Scottsdale Insurance Company.
Nos. 2006-CA-0403, 2006-CA-0404, 2006-CA-0405, 2006-CA-0406.
Court of Appeal of Louisiana, Fourth Circuit.
February 7, 2007.
*753 James P. Nader, Shaun M. Smith, Lobman, Carnahan, Batt, Angelle & Nader, New Orleans, LA, for The Hartford Insurance Company.
W. Patrick Klotz, Klotz & Early, New Orleans, LA, for Queen & Crescent Hotel, L.L.C.
(Court composed of Judge CHARLES R. JONES, Judge TERRI F. LOVE, Judge ROLAND L. BELSOME).
TERRI F. LOVE, Judge.
This appeal arises from a fire that occurred on October 17, 1997, at 309 Magazine Street. Hartford Insurance Company filed suit against Queen & Crescent Hotel, L.L.C. seeking damages as a result of the fire. Queen & Crescent Hotel, L.L.C. filed a peremptory exception of prescription, which the trial court granted. We find that the trial court did not err and affirm.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY
On October 17, 1997, a fire occurred at 309 Magazine Street ("the Building") in a building owned by John Cummings, III, Gregory Gambel, Elizabeth Gambel, and Hugh Lambert (collectively referred to as "the Owners"). The fire damaged several adjacent buildings, including, but not limited to, buildings owned by Hoerner Corporation and J.A. Hoerner Company, Inc. (hereinafter collectively referred to as "Hoerner"). As a result of the fire, multiple lawsuits were filed, four of which are consolidated in this appeal. However, the *754 case sub judice involves Hartford Insurance Company ("Hartford") and Queen & Crescent Hotel, L.L.C. ("Queen & Crescent"). The Owners leased the Building to Queen & Crescent from September 1, 1996, to August 31, 1997. During that time, Queen & Crescent used the Building as a parking facility.
Hartford insured Hoerner. In October 1998, Hartford and Hoerner filed a petition against Greg Gambel, John Cummings, III, Hugh Lambert, Jefferson Insurance Company of New York, U-Park System of Louisiana, Inc. ("U-Park"), and Scottsdale Insurance Company alleging that the defendants were jointly and solidarily liable for damages. Hartford specifically sought reimbursement of the money it paid to its insured, Hoerner, for the fire related damages. On March 3, 2000, Hartford and Hoerner filed an amended and supplemental petition adding General Agents Insurance Company of America, Inc. ("General Agents") as a defendant. On June 16, 2000, Hartford and Hoerner filed a second amended and supplemental petition alleging specific acts of negligence. On November 28, 2001, Hoerner dismissed all of its claims. On October 29, 2003, Hartford filed a motion and order for leave to file a second amended and supplemental petition.[1] The trial court granted leave and on February 4, 2004, Hartford added Queen & Crescent as a defendant. Hartford also alleged that all defendants breached "their respective and non-delegable legal duty. . . ." Hartford subsequently dismissed U-Park and General Agents as defendants.
Queen & Crescent filed the declinatory exceptions of insufficiency of service of process and vagueness, the dilatory exception of nonconformance with La. C.C.P. art. 891, and later filed a peremptory exception of prescription. The trial court denied the exception of insufficiency of process, granted the exception of vagueness and ambiguity with ten days for Hartford to amend the petition, and granted the exception of prescription. The trial court dismissed all of Hartford's claims against Queen & Crescent with prejudice. Hartford's appeal timely followed.
Hartford asserts five assignments of error on appeal. However, the errors all relate to whether the trial court was correct in finding that prescription barred Hartford's claims against Queen & Crescent.

STANDARD OF REVIEW
A trial court's factual findings are reviewed using the manifest error/clearly wrong standard. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). If findings of fact have no reasonable factual basis, the appellate court may reverse the findings as clearly wrong. Mart v. Hill, 505 So.2d 1120, 1127 (La.1987). The factfinder's conclusion must be reasonable. Stobart v. State, Through Dep't of Transp. and Dev., 617 So.2d 880, 882 (La.1993).
A trial court's legal findings are reviewed under the de novo standard. Balseiro v. Castaneda-Zuniga, 04-2038, p. 6 (La.App. 4 Cir. 8/17/05), 916 So.2d 1149, 1153.

PEREMPTORY EXCEPTION OF PRESCRIPTION
The exception of prescription is a peremptory exception. La. C.C.P. art. 927. "[P]rescriptive statutes are strictly construed against prescription. . . ." Carter v. Haygood, 04-0646, p. 10 (La.1/19/05), 892 So.2d 1261, 1268. The exceptor bears the burden of proof at the trial of the *755 peremptory exception. Spott v. Otis Elevator Co., 601 So.2d 1355, 1361 (La.1992). The burden shifts to the plaintiff if prescription is evident on the face of the pleadings. Williams v. Sewerage & Water Bd. of New Orleans, 611 So.2d 1383, 1386 (La.1993).
La. C.C.P. art. 1153 states that an amended petition or answer can relate back to the original pleading if is "arises out of the conduct, transaction, or occurrence." The Louisiana Supreme Court analyzed La. C.C.P. art 1153 regarding amendments that change the identity of parties and held that four requirements must be met in order to relate back to the date of the original petition. Ray v. Alexandria Mall, 434 So.2d 1083, 1086-87 (La. 1983). Louisiana jurisprudence requires that:
(1) [t]he amended claim must arise out of the same transaction or occurrence set forth in the original pleading; (2)[t]he purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits; (3)[t]he purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him; (4)[t]he purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.
Id., 434 So.2d at 1087. The "[i]nterruption of prescription against one joint tortfeasor is effective against all joint tortfeasors." La. C.C. art. 2324.
Hartford alleges that Queen & Crescent failed to keep the Building up to the proper building codes because it did not have adequate sprinkler systems installed when it leased the Building and used it as a parking facility. Queen & Crescent leased the Building from September 1, 1996, to August 31, 1997. To defeat the exception of prescription, Hartford avers that the third amended and supplemental petition, filed on October 29, 2003, relates back to the original petition filed in October 1998.
Prescription is evident on the face of the pleadings in the case sub judice. However, Hartford alleges that Queen & Crescent is a joint tortfeasor; thus, Hartford avers the original petition served to interrupt prescription. Hartford's argument is without merit. First, while Hartford's third amended and supplemental petition, which named Queen & Crescent as a defendant, arose out of the same transaction or occurrence, that is the only Ray factor that supports relating the amendment back to the original petition. Second, the record is devoid of evidence that Queen & Crescent received notice of Hartford's lawsuit prior to the third amended and supplemental petition in February 2004. Third, the record is devoid of evidence demonstrating that Queen & Crescent should have known that Hartford would have brought the lawsuit against it but for a mistake. Fourth, neither Queen & Crescent, nor any of its affiliates were named as defendants in the original petition. As such, Queen & Crescent was a wholly new and unrelated defendant contained in the third amended and supplemental petition. Lastly, Queen & Crescent's lease of the Building expired almost two months prior to the fire.
Considering our examination of the Ray factors and that Queen & Crescent was not leasing the Building at the time of the fire, we find that Hartford's third amended and supplemental petition naming Queen & Crescent as a defendant does not relate back to the original petition. Thus, Hartford's *756 alleged claims against Queen & Crescent have prescribed. Accordingly, we find that the trial court did not err and affirm.

DECREE
For the above reasons, we find that the trial court did not err in granting Queen & Crescent's exception of prescription and affirm.
AFFIRMED.
NOTES
[1] This pleading should have been referred to as the third amended and supplemental petition as they filed the second amended and supplemental petition on June 16, 2000.