# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

AKESHA ALLEN

VERSUS

DRYADES YMCA SCHOOL OF
COMMERCE, INC. D/B/A WEST
ST. TAMMANY YMCA & ABC
INSURANCE COMPANY

---

In Re:    The Young Men's Christian Association of Greater New
          Orleans, Louisiana d/b/a West St. Tammany YMCA, aka
          YMCA of Greater New Orleans, applying for supervisory
          writs, 22nd Judicial District Court, Parish of St.
          Tammany, No. 201811919.

---

**BEFORE:    GUIDRY, McDONALD, HOLDRIDGE, PENZATO AND LANIER, JJ.**

**WRIT GRANTED.** The trial court erred by denying the exception of prescription filed by The Young Men's Christian Association of Greater New Orleans, d/b/a West St. Tammany YMCA, a/k/a YMCA of Greater New Orleans. The plaintiff's amended petition adding YMCA of Greater New Orleans as a defendant was filed more than two months after the prescriptive period expired. No reasonable interpretation of the original or amended petition supports the plaintiff's assertion that YMCA of Greater New Orleans was named as an original defendant and that the amended petition was filed simply to correct a typographical error or misnomer. It is apparent that the plaintiff was not merely trying to correct the name of the defendant; instead, she attempted to entirely change the identity of the defendant. See **Micken v. DHC OPCO-Napoleonville, LLC,** 2018-0140 (La. App. 1st Cir. 11/2/18), 2018 WL 5732482, *3 (unpublished). We find the trial court erred by concluding otherwise. Because the amended petition was prescribed on its face, the plaintiff bore the burden of proving the action is not prescribed. **Id;** See also **Renfroe v. State ex rel. Department of Transportation & Development,** 2001-1646 (La. 2/26/02), 809 So.2d 947, 950, recognizing that if the timely sued defendant is found not liable, suit against it does not interrupt prescription against other defendants not timely sued. La. Civ. Code art. 2324(C). The evidence establishes that no identity of interest exists between YMCA of Greater New Orleans and the original, timely-sued defendant; therefore, the plaintiff failed to show the criteria set forth in **Ray v. Alexandria Mall,** 434 So.2d 1083 (La. 1983) are satisfied such that the amended petition relates back to the date the original petition was filed per La. Code Civ. P. art. 1153. Notably, too, the plaintiff asserts that relation back does not apply. She likewise does not rely on contra non valentum to assert that the prescriptive period has not expired. Thus, the trial court's March 11, 2021 judgment is reversed, and the exception of prescription filed by The Young Men's Christian Association of Greater New Orleans, d/b/a West St. Tammany YMCA, a/k/a YMCA of Greater New Orleans is granted. Since the grounds for the exception of prescription cannot be

removed through amendment, opportunity to amend is not warranted, and the plaintiff's suit is dismissed with prejudice. See La. Code Civ. P. art. 934.

**JMM**
**AHP**
**WIL**

**Guidry and Holdridge, JJ.,** dissent and would deny the writ. The following criteria are relied upon to determine whether La. Code Civ. P. article 1153 allows an amendment which changes the identity of the defendant to relate back to the date of filing of the original petition: (1) the amended claim must arise out of the same transaction or occurrence set forth in the original pleading; (2) the purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits; (3) the purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him; and (4) the purported substitute defendant must not be a wholly new or unrelated defendant. **Ray v. Alexandria Mall,** 434 So.2d 1083 (La. 1983). Although West St. Tammany YMCA was included in the original petition as a d/b/a of an incorrect defendant, Dryades YMCA, we believe a key factor is the inclusion of West St. Tammany YMCA in the original petition. The argument made by the defendant that West St. Tammany YMCA is just a trade name and not a separate legal entity capable of being sued is the exact argument made in **Ray**. The original defendant named in **Ray** was Alexandria Mall, which was not a legal entity capable of being sued similar to West St. Tammany YMCA. The new named defendant is not wholly new or unrelated but is represented by the same attorney as the original defendant. Also, just like in **Ray,** the defendant "waited silently" before filing its exception raising the objection of prescription. **Ray,** 434 So.2d at 1087. Furthermore, the defendant can show no prejudice whatsoever by the amended petition. "The express purpose of arts. 934 and 1153 is to allow amendment of the petition to remove the grounds for the peremptory exception whenever possible and where dismissal of the suit should not be in the interests of justice." **Ray,** 434 So.2d at 1086. Accordingly, we would find that the **Ray** factors have been met herein and the trial court properly denied the exception of prescription.

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
FOR THE COURT