# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

OMOLABAKE OJOMO-BAKARE AND
DELE BAKARE, INDIVIDUALLY
AND ON BEHALF OF THEIR MINOR
CHILD, BRITNEY BAKARE

VERSUS

BATON ROUGE COMMUNITY
COLLEGE, THE BATON ROUGE
COMMUNITY COLLEGE
FOUNDATION, INC. AND XYZ
INSURANCE COMPANY

NO.  2025 CW 0603

SEPTEMBER 8, 2025

---

In Re:    State of Louisiana, through the Board of Supervisors of
          Louisiana Community and Technical Colleges System,
          applying for supervisory writs, 19th Judicial District
          Court, Parish of East Baton Rouge, No. 688629.

---

**BEFORE:    LANIER, WOLFE, AND HESTER, JJ.**

> **WRIT DENIED.**

**WIL**
**CHH**

Wolfe, J., dissents and would grant the writ. In determining whether an amendment to the petition which changes the identity of the party sued relates back to the filing of the original petition, one of the criteria to be considered is whether the substitute defendant received notice of the suit. See **Ray v. Alexandria Mall, Through St. Paul Property & Liability Ins.**, 434 So.2d 1083, 1087 (La. 1983). This court has recognized there can be an inference of notice when the original defendant and the new defendant have an identity of interest and the relationship between them is of a close nature. **Micken v. DHC OPCO-Napoleonville, LLC**, 2018-0140 (La. App. 1st Cir. 11/2/18), 2018 WL 5732482 at *8 (unpublished). I find the evidence was insufficient to prove defendant, the State of Louisiana, through the Board of Supervisors of Louisiana Community and Technical Colleges, received notice of the suit or that such notice could be inferred based upon identity of interest. I would grant the exception of prescription and dismiss plaintiff's claims.

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
  FOR THE COURT