617 So.2d 1213 (1993)
Ginger TAYLOR, et al., Plaintiffs-Appellants,
v.
Janice JOHNSON, et al., Defendants-Appellees.
No. 92-126.
Court of Appeal of Louisiana, Third Circuit.
April 21, 1993.
*1214 Christopher J. Roy, Alexandria, for plaintiffs-appellants Ginger Taylor et al.
James Dey Kirk, Alexandria, for defendants-appellees Janice Johnson et al.
Before STOKER, LABORDE, THIBODEAUX, COOKS and DECUIR, JJ.
THIBODEAUX, Judge.
This is an appeal by plaintiffs, Ginger Taylor and her minor children, of a grant of exceptions of lis pendens and prescription in favor of defendants, the State of Louisiana, through the Department of Public Safety, Trooper First Class Timothy Ledet and Lieutenant J. Wayne Soileau. This appeal is concurrent with "Ginger Taylor, et al. v. Janice Johnson, et al.," bearing docket number 92-689 of this court. Decisions on the two appeals are rendered in separate opinions.
The trial judge granted the exceptions dismissing a fifth supplemental and amending petition filed by Taylor on the grounds that the same parties had litigated the same issues in a suit in Grant parish. He also dismissed the claim against Soileau because he found the amendment alleged a wholly new cause of action factually unrelated to those allegations of the original petition, warranting a grant of prescription. For the following reasons, we reverse.

FACTS
On January 16, 1988, Taylor was allegedly suffering from an abscessed tooth. Dr. B.C. Hollier, a local oral surgeon, called in a prescription for Darvon 65 compound, a schedule V narcotic, to the Wal-Mart store in Pineville, Louisiana.
That same day Taylor, accompanied by her children and mother, went to Wal-Mart to fill the prescription. Apparently, a clerk and the pharmacist on duty became suspicious of the authenticity of Taylor's prescription and called Ledet, a narcotics officer with the Louisiana State Police. Ledet arrived on the scene, attempted to reach Dr. Hollier for verification of the prescription and, when Dr. Hollier could not be reached, arrested Taylor for attempting to receive a narcotic illegally. She was taken to the parish jail but released later that evening, when contact was finally made with Dr. Hollier who authenticated the prescription.
On February 9, 1988, the original petition was filed naming only Wal-Mart and certain employees as defendants. During this same period of time, Ledet allegedly began using intimidation to gather medical and pharmaceutical information on Taylor. He supposedly shared this and other information about alleged criminal activity involving Taylor with counsel for Wal-Mart. Ledet's "investigation" eventually led to a second arrest of Taylor for illegal drug activity which took place in Grant parish on February 24, 1988.
As a result of the second arrest by Ledet, Taylor filed suit in Grant parish on July 1, 1988. That suit was filed against the State of Louisiana, through the Department of Public Safety, and Ledet. The allegations were that Ledet conducted a "witch hunt," in order to gather information to use against her. She asserted Ledet's actions were an unconstitutional invasion of privacy that led to her second unlawful arrest and amounted to an intentional or negligent infliction of emotional disturbance. This matter went to trial on February 6, and 7, 1990, with Taylor prevailing. The state is currently appealing that judgment in a separate and unrelated appeal.
A fourth supplemental and amending petition was filed in the present case, naming the State of Louisiana, through the Department of Public Safety, as a defendant liable in solido, on August 12, 1988. The fifth supplemental and amending petition was *1215 filed on April 19, 1990. It added, as individual parties, Ledet and Soileau. It alleged that, shortly after the arrest in Wal-Mart, Ledet set out to illegally obtain Taylor's medical and pharmaceutical records and then, under order of Soileau, collaborate with counsel for Wal-Mart and the other defendants by sharing the records as well as confidential police information concerning Taylor's alleged criminal activity.
Defendants filed exceptions of lis pendens and prescription. A judgment granting both exceptions was signed on December 9, 1991. The trial judge issued Reasons for Judgment which stated the fifth supplemental and amending petition put forth a separate clause of action from that of the original petition and, therefore, did not relate back. Because the amended petition did not relate back, he reasoned the claims filed in the Grant parish suit were filed first. He then found the parties, the factual allegations and the causes of action in the fifth supplemental and amended petition and the claim in Grant parish to be virtually identical.
His conclusion that the amending petition failed to relate back also formed the basis for his granting Soileau's prescription exception. He found that Soileau was a new party added to a new cause of action and that the time to properly file the claim had expired.

ISSUES
There are two issues for our consideration. The first is whether the fifth supplemental and amending petition is so similar to the suit filed in Grant parish as to warrant a grant of lis pendens. The second issue is whether prescription has run on the claim against Soileau.

LAW & ANALYSIS

A. Lis Pendens
La.C.C.P. art. 531 as it existed at the time of the claim stated:
When two or more suits are pending in a Louisiana court or courts on the same cause of action, between the same parties in the same capacities, and having the same object, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925. When the defendant does not so except, the plaintiff may continue the prosecution of any of the suits, but the first final judgment rendered shall be conclusive of all.
The trial judge found the Grant parish suit predated the filing of the fifth supplemental and amending petition because the latter failed to relate back to the date of filing of the original petition. The result of this finding, reasoned the trial judge, made the Grant parish suit the "first suit" as contemplated by La.C.C.P. art. 531. We hold this finding to be error.
As we fully explained in the companion opinion to this case, there are sufficient similarities between the alleged facts giving rise to the causes of action in the original and fifth supplemental and amending petitions to justify a relation back.
While Ledet's actions alleged in the Grant parish suit overlap those alleged in the amended petition, the tortious conduct alleged produced supposed damages in separate instances. Ledet allegedly shared criminally obtained and confidential information with Wal-Mart's counsel to further exacerbate the damages arising from the first arrest. Ledet also allegedly gathered this information to accumulate evidence to justify the second arrest.
The allegations in the fifth supplemental and amending petition relate back to the original petition because they concern facts and issues surrounding the first arrest. Because it relates back, the Grant parish suit is not the "first suit" as required by Article 531 and, consequently, lis pendens is not proper to preempt the progression of the present case.
Furthermore, we are not convinced of the identical nature of the causes of actions in both claims. For purposes of lis pendens, "cause of action" is the grounds upon which demand is based. Lamb v. Lamb, 411 So.2d 1 (La.1982); Mitchell v. Bertolla, 340 So.2d 287 (La. 1976). The causes of action alleged in the *1216 respective pleadings, when carefully scrutinized, are separate and distinct.
The Grant parish suit singles out the actions of Ledet. The factual allegations create an image of a vindictive police officer gathering evidence against Taylor to justify a second arrest. Her claimed damages stem from his efforts to gather the information and the events surrounding the second arrest.
The fifth amending and supplemental petition raises allegations of collusion and invasion of privacy surrounding the sharing of the information obtained by Ledet with Wal-Mart's counsel. The collusion was for the supposed purpose of gathering evidence to defeat the first suit. It is a claim with no relation to the arrest in Grant parish other than Ledet was an active participant in both. There is an overlap of evidence, as Ledet's actions of gathering information illegally factor into both claims. However, it is but one factor utilized to complete the picture of the alleged collusion.
Neither the overlap of evidence nor the introduction of certain evidence regarding the alleged collusion in the Grant parish trial was sufficient for lis pendens. Such evidence was not offered in that trial to prove any damages resulting from the first arrest or to prove collusion on the part of Ledet or the State resulting in the second arrest. While the same evidence may be introduced at the Rapides parish trial, it will be for more substantive purposes and does not amount to a re-litigation of the Grant parish claim. The judgment granting the exception of lis pendens is reversed.

B. Prescription
The second issue concerns the granting of the exception of prescription. The trial judge granted the exception in favor of all parties and specifically dismissed the claim as to Soileau. The trial judge granted the prescription because he felt the allegations of the fifth supplemental and amending petition were factually unrelated to the allegations of the original petition and gave rise to separate and distinct causes of action. We fully addressed this issue in reversing a grant of prescription in favor of Wal-Mart and two of its employees in the companion opinion in this case. For the same reasons, we hold the grant of prescription to be error in the present case.
La.C.C.P. art. 1153 states:
When the action asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading.
Separate causes of action in and of themselves may not be sufficient to justify a grant of prescription. An amended petition may relate back for prescription purposes even if the facts alleged, constituting defendants' wrong, differ enough to form two causes of actions, but where the actions creating the duties are sufficiently similar. Gunter v. Plauche, 439 So.2d 437 (La.1983).
Furthermore, in order to protect defendants from prejudice in preparing defenses, statutes of liberative prescription are strictly construed. Parker v. Southern American Ins. Co., 590 So.2d 55 (La. 1991). The crucial focus in determining whether or not a grant of prescription is warranted is on "notice" to the named defendants. Notice allows the defendants to preserve evidence and properly prepare a defense. Comeaux v. Poindexter, 527 So.2d 1184 (La.App. 3d Cir.1988); Baker v. Payne & Keller of La., Inc., 390 So.2d 1272 (La.1980); Amendment of Pleadings in Louisiana, 43 Tul.L.Rev. 233 (1969).
Thus, in order for the fifth supplemental and amending petition to relate back, there must be some factual connexity between its allegations and those of the original pleadings, and the named defendants must have had sufficient notice of the allegations to preserve evidence and prepare a defense. We believe those requirements have been met.
The fifth supplemental and amending petition alleges a collaboration by defendants already named in the suit, Ledet and Soileau, for the purpose of preparing a defense *1217 to the claims arising from the first arrest. Taylor claims Ledet shared illegally obtained and confidential information with the other defendants. The tortious conduct is alleged to have worsened the emotional damage incurred in the initial arrest. These new allegations relate facts precipitated by and directly related to the original offense. There is a factual connexity between the acts to justify a relation back.
Furthermore, a claim that notice was insufficient cannot be maintained. The parties allegedly committed the tortious conduct in the fifth supplemental and amending petition while gathering evidence and preparing a defense against the original pleading. It is illogical to argue that defendants are not prepared to defend against allegations arising from acts committed in preparing a defense. Defendants are not prejudiced by allowing the amendment.
Finally, the dismissal against Soileau is also in error. The trial judge dismissed Soileau on grounds that he was a new party added in a new claim well after it had prescribed. Again, the emphasis on a grant of prescription, particularly where a new party is added, is on notice and to what degree that party's defense will be prejudiced if the amendment is allowed to relate back.
For notice purposes, it must be determined if his relationship to any of the named defendants was close enough to imply that he was aware of the suit and the possibility of his personal involvement. The relationship is obvious. Soileau is a Louisiana State Trooper and a commanding officer of Ledet who allegedly ordered Ledet to cooperate with counsel for Wal-Mart in preparing a defense against the very suit from which he seeks dismissal. We believe this is a sufficiently close relationship to imply notice on his part.
He is also sued as a solidary obligor. He is being asked to personally respond to the complaints against him. It is a long standing principle of law that a timely suit against one solidary obligor interrupts prescription as to all. LSA-C.C. art. 1799.
We see no reason why this rule should not apply to the suit against Soileau. Consequently, the grant of exception of prescription against Soileau is reversed.

CONCLUSION
For the foregoing reasons, the judgment of the trial court granting the exceptions of lis pendens and prescription, and dismissing the suit against the State of Louisiana, through the Department of Public Safety, and Trooper First Class Timothy Ledet and Lieutenant J. Wayne Soileau is reversed and remanded for further proceedings in accordance with this ruling. Costs are charged to appellees.
REVERSED AND REMANDED.
LABORDE, J., concurs in the result.
STOKER, J., dissents and assigns written reasons.
STOKER, Judge, dissenting.
With respect I dissent. I would affirm the judgment of the trial court insofar as it sustained the exception of lis pendens directed at the Fourth Supplemental and Amending Petition which brought into this matter the State of Louisiana and TFC Timothy Ledet.
The majority misapplies the relation back theory statutorily provided in LSA-C.C.P. art. 1153. That theory permits bringing into a suit parties not originally sued and against whom prescription would ordinarily have run. The relation back theory of our law is designed as a measure to counter prescription. In addition, the theory only applies within a single cause of action. I agree with the trial court that it cannot be used to defeat lis pendens and thus permit a claimant to pursue the same cause of action in two separate suits. Lis pendens would apply even if the plaintiffs here had filed their Fourth Supplemental and Amending Petition in Rapides Parish (or any other jurisdiction for that matter) as a separate suit.
The majority opinion fails to make clear that the Grant Parish suit against the State and TFC Ledet went to trial, plaintiffs *1218 were awarded a judgment by the trial court, the case was appealed to this court of appeal (Number 92-230, entitled Ginger Taylor, et al. v. State of Louisiana and TFC Timothy Ledet) and an opinion in that appeal was handed down by this court on March 31, 1993. See 617 So.2d 1198 (La.App. 3d Cir.1993).
In my opinion the trial court was correct in sustaining the exception of lis pendens in this case. I adopt the trial court's reasons for judgment to the extent that the reasons apply to lis pendens. As I explain in my concurrence in the companion appeal, number 92-689 on our docket, the ruling on the exception of prescription should be reversed. I attach to this dissenting opinion the written reasons of the trial court.

APPENDIX

Civil Suit Number 148,646

Ninth Judicial District Court Parish of Rapides State of Louisiana

Ginger Taylor, et al

Versus

Janice Johnson, et al

REASONS FOR JUDGMENT
This matter comes before the Court on an Exception of Lis Pendens, Prescription, No Cause of Action, and in the alternative an Exception of Improper Cummulation of Actions and Motion to Sever arising from Plaintiff's Fifth Supplemental and Amending Petition. The original petition was filed February 9, 1988 and has been amended and supplemented at least four times since. In the original petition, Plaintiff claims that she suffered emotional damages from various acts of defamation and intentional and/or negligent infliction of emotional distress arising from her alleged false arrest and false imprisonment by employees of Defendant, Wal-Mart Stores, Inc. on or about January 16, 1988. In a later amendment, Plaintiff added the State of Louisiana through the Department of Public Safety as Defendant for the "negligence and/or intentional act and/or false arrest occasioned by" Trooper Timothy Ledet, the officer who made the arrest.
On July 1, 1988, Plaintiff filed a suit in the 35th Judicial District Court in and for the Parish of Grant, entitled Ginger Taylor, et al. v. State of Louisiana and TFC Timothy Ledet, and numbered 6,756. In the petition and its First Supplemental and Amending Petition filed in Grant Parish, Plaintiff alleged that she was wrongfully arrested by Officer Ledet in the January 16, 1988 Wal Mart incident and that subsequently thereto, Officer Ledet began a "witch-hunt" which led to a second arrest in Grant Parish on February 24, 1988. Additionally, Plaintiff claims that Officer Ledet invaded her privacy by obtaining her privileged medical and pharmaceutical records without a warrant or probable cause and without her consent and thereafter submitted the information to an unnamed fellow police officer in Grant Parish. The amending petition stresses that Plaintiff is "not suing herein for the first arrest but has mentioned it simply as a springboard that triggered the intentional and/or negligent conduct of Trooper Ledet...."
The Grant Parish suit went to trial before the Honorable B.G. Lutes on February 6 and 7, 1990. As part of her case in chief, Plaintiff called Gregory S. Erwin and Michael T. Johnson of the law firm of Bolen, Erwin, Johnson and Coleman, attorneys for Wal Mart in the Rapides Parish suit, on cross-examination. They were questioned about their alleged collaboration with Trooper Ledet about matters which led to Plaintiff's February 24, 1988 arrest in Grant Parish. Plaintiff also cross-examined Trooper Ledet regrading these meetings with Wal Mart's counsel. Judge Lutes took the matter under advisement and later signed a judgment in favor of the Plaintiff on July 30, 1990. The matter is currently pending on appeal.
Meanwhile, on April 19, 1990, Plaintiff filed her "Fifth Supplemental and Amending Petition" in which she added Lt. J. Wayne Soileau of Baton Rouge and Officer Ledet personally for allegedly collaborating, disseminating and sharing "alleged criminal activity information" with counsel *1219 for Wal Mart and that this violated criminal law as well as La. State Police Regulations and constituted an invasion of privacy under the Louisiana Constitution and intentional infliction of emotional distress. Plaintiff also appears to be alleging that the officer's conduct led to further acts of harassment and intimidation by these new Defendants, including an arrest for a second alleged crime. Plaintiff alleges that Officer Ledet shared information with defense counsel and refused to inform Plaintiff's counsel of any information or knowledge.
Both the Grant Parish suit and the Fifth Supplemental and Amending Petition were filed prior to the January 1, 1991 effective date of the amendment to La.C.C.P. Art. 531 which changed the law regarding lis pendens. According to Section 5 of Acts 1990 No. 521, the new amendment applies only to actions filed before the effective date of the Act. Thus, the instant exception must be determined according to the law in effect prior to January 1, 1991.
Old La.C.C.P. Article 531, in pertinent part, sets out the requirement for a finding of lis pendens as follows:
"When two or more suits are pending in a Louisiana court or courts on the same cause of action, between the same parties in the same capacities, and having the same object, the defendant may have all but the first suit dismissed by exceptions thereto as provided in Article 925 ..."
Thus, to sustain an exception of lis pendens, this Court must find:
(1) That there are two or more suit pending in a Louisiana court or courts;
(2) Identity of the causes of action;
(3) Identity of the parties and their capacities;
(4) Identity of the object of the action.
The allegations against the State of Louisiana and Trooper Ledet added by Plaintiff's Fifth Supplemental and Amending Petition" for invasion of privacy and intentional/negligent infliction of emotional distress are virtually identical to those of the Grant Parish action. Both the Grant Parish action and the instant case involved alleged tortious conduct perpetrated in both Grant and Rapides Parish which ultimately led to Plaintiff's February 24, 1988 arrest. Plaintiff's contention that the suit involved two separate torts is without merit since Plaintiff presented evidence of alleged tortious conduct perpetrated within both parishes in the Grant Parish trial and such evidence factored into Judge Lutes's ultimate decision. Additionally, both cases name Ginger Taylor and her children as plaintiffs and the State of Louisiana and Trooper Ledet as defendants, thus evidencing an identity of the parties and their capacities. And finally, in both actions, the object of the case was damages for invasion of privacy and for intentional/negligent infliction of emotional distress. This kind of mirror imagery is precisely the scenario envisioned by those who enacted the law of lis pendens. To permit re-litigation of these issues in Rapides Parish would be to give Plaintiff two bites at the proverbial apple. Therefore, based upon the arguments adduced at hearing and a review of the records of both the Grant Parish and the Rapides Parish actions, including the transcript of the Grant Parish trial, Defendants' Exception of Lis Pendens is hereby sustained with regard to the allegations added by Plaintiff's Fifth Supplemental and Amending Petition against the State of Louisiana, through the Department of Public Safety, and TFC Timothy Ledet.
Plaintiff urges that lis pendens is improper in the instant case since Article 531 only authorizes the dismissal of "all but the first suit." The apparent thrust of this argument is that the Rapides Parish action was filed first and, pursuant to La.C.C.P. Art. 1153, subsequent amendments relate back to the date of filing the original pleading. However, in order to relate back, the action or defense asserted in the amended petition must arise out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. La.C.C.P. Art. 1153. This Court is of the opinion that the incidents which led to Plaintiff's February 23, 1988 arrest *1220 arise from facts and circumstances wholly distinct from those alleged in the original petition and its amendments and thus constitute an entirely new cause of action. Therefore, assuming for the sake of argument that this new cause of action had not prescribed, Plaintiff's Fifth Supplemental and Amended Petition was not the "first suit" as intended by Article 531.
Unlike the State and Trooper Ledet, Lt. J. Wayne Soileau, named as a defendant in Plaintiff's amended petition, was not made a defendant in the Grant Parish suit. As discussed above, Plaintiff's Fifth Supplemental and Amended Petition did not arise out of the same conduct, transaction, or occurrence set forth in the original petition or its amendments. Therefore, this Amendment does not relate back to the filing of the original petition and must independently meet prescription requirements. Likewise, the addition of a new and unrelated defendant as a mere "amendment", rather than to correct a misnomer, does not relate back to the time of the original petition since this in and of itself would be tantamount to an assertion of a new cause of action. Ray v. Alexandria Mall, 434 So.2d 1083, 1086 (La.1983); Lowe v. Rivers, 448 So.2d 848 (La.App. [2nd] Cir.1982 [1984]). Furthermore, there is no indication that Officer Soileau had either actual or constructive notice of any legal claim against him within the one-year prescriptive period by the filing of Plaintiff's original petition or the amendment thereto. Plaintiff's Fifth Supplemental and Amending Petition was clearly not filed within one year of the so-called "witch-hunt" alleged to have taken place between Plaintiff's January 16, 1988 arrest in Rapides Parish and her February 23, 1988 arrest in Grant Parish. Therefore, Defendant's Exception of Prescription is hereby sustained.
Therefore, for the reasons stated above, this Court sustains both Defendants' Exception of Lis Pendens with regard to the State of Louisiana, through the Department of Public Safety, and TFC Timothy Ledet, and their Exception of Prescription with regard to all defendants named in Plaintiff's Fifth Supplemental and Amending Petition.
Costs are assessed to the plaintiff.
Alexandria, Louisiana this 17th day of October, 1991.
 /s/ William P. Polk
 WILLIAM P. POLK
 District Judge
 Division "B"