741 So.2d 863 (1999)
David C. FORTENBERRY and Debbie B. Fortenberry, Plaintiffs-Appellants,
v.
GLOCK, INC. (USA), Glock GmbH, (Austria), Gaston Glock and Jeff Simmons d/b/a and a/k/a Simmons Sporting Goods, Defendants-Appellees.
No. 32,020-CA.
Court of Appeal of Louisiana, Second Circuit.
June 16, 1999.
*864 Deal & Cook by Philip T. Deal, Monroe, for Plaintiffs-Appellants.
Hudson, Potts & Bernstein by Ben R. Hanchey and Ashley S. Burch, Monroe, Renzulli & Rutherford, New York, NY, Hayes, Harkey, Smith & Cascio by Charles S. Smith, Monroe, for Defendants-Appellees.
Before NORRIS, C.J., and BROWN and GASKINS, JJ.
NORRIS, Chief Judge.
The plaintiffs, David and Debbie Fortenberry, appeal a judgment that sustained the defendants' exceptions of lis pendens and dismissed the suit without prejudice. For the reasons expressed, we affirm.

Factual and procedural background
The Fortenberrys, who live in East Carroll Parish, gave their son Justin a Glock Model 17 9-mm pistol to carry to school at LSU in Baton Rouge. Before leaving with friends for a trip to New Orleans on December 14, 1996, Justin handed the pistol to Jack Agosta. The gun accidentally discharged, striking and killing Justin.
In May 1997 the Fortenberrys filed suit in East Baton Rouge Parish against Agosta and his insurer, Prudential. The claim was based on negligence. Then, on December 10, 1997, they filed the instant suit in East Carroll Parish against the Austrian manufacturer, Glock GmbH, its president, Gaston Glock, and its U.S. subsidiary, Glock Inc. (hereinafter "Glock"), and the seller, Jeff Simmons d/b/a Simmons Sporting Goods. This suit was based on products liability, chiefly alleging that the Model 17's extremely light trigger pull was defective. Two days later, the Fortenberrys filed an amended petition in the East Baton Rouge suit. This joined Glock and Simmons as defendants, advanced the products liability claim, and tracked the allegations of the East Carroll petition verbatim. All of these pleadings came within the one-year prescriptive period. The District Court in East Baton Rouge Parish allowed the amendment.
The Fortenberrys, however, did not direct the Sheriff of East Baton Rouge Parish to serve the amended petition on Glock or Simmons.[1] Meanwhile, Glock filed an answer to the East Carroll suit, along with declinatory and peremptory exceptions. Glock litigated the declinatory exceptions and certain discovery matters. Glock allegedly *865 learned in April 1998 that it had been joined in the prior-filed East Baton Rouge suit, and responded with the instant exception of lis pendens. Simmons later filed an exception identical to Glock's.
In reasons for judgment, the District Court identified the principal issue as whether the amended petition in the East Baton Rouge suit related back to the original petition; if so, it preceded the East Carroll suit. The court noted that all prior jurisprudence involving relation back involved prescription: "The court cannot find a statutory or jurisprudential rule authorizing or directing the application of those principles when the exception is lis pendens." The court found that in the absence of a prescription claim, the factors weighing against relation back were not present; as both the original and amended petition were filed timely in East Baton Rouge, the court utilized the original petition and sustained the exceptions of lis pendens. The Fortenberrys have appealed.

Applicable law
When two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first suit dismissed by exception of lis pendens. La. C.C.P. art. 531. The test for deciding whether an exception of lis pendens should be granted is whether a final judgment in the first suit would be res judicata in the subsequently filed suit. Fincher v. Insurance Corp. of Amer., 521 So.2d 488 (La. App. 4 Cir.), writ denied 522 So.2d 570 (1988), and citations therein.
When the action asserted in the amended petition arises out of the same conduct, transaction, or occurrence set forth or attempted to be set forth in the original petition, the amendment relates back to the date of the filing of the original petition. La. C.C.P. art. 1153. This article is modeled after Fed. R. Civ. Pro. 15(c), and the federal jurisprudence under that rule is "helpful and persuasive." Ray v. Alexandria Mall, 434 So.2d 1083 (La.1983), and authorities therein. Surveying the federal cases and synthesizing their holdings, the Supreme Court enunciated rules for relation back when the plaintiff adds a new defendant by amended petition filed after the prescriptive period has run.[2] Article 1153 is liberally construed to defeat the peremptory exception of prescription. See, Albert Tate Jr., Amendment of Pleadings, 43 Tul. L.Rev. 211, 231 (1969); see also, Sutton v. Short Stop Hamburgers, 31,841 (La.App. 2 Cir. 5/5/99), 737 So.2d 157, and citations therein. Article 1153 has also been applied to defeat declinatory exceptions. See, e.g., Taylor v. Johnson, 92-126 (La.App. 3 Cir. 4/21/93), 617 So.2d 1213; Acme Refrigeration of Baton Rouge Inc. v. Caljoan Inc., 346 So.2d 743 (La. App. 1 Cir.1977).

Discussion
The Fortenberrys urge that their first suit against Glock and Simmons was the petition filed in East Carroll on December 10; this predated the amended petition against the same defendants filed in East Baton Rouge by two days; thus the East Carroll suit should be allowed to proceed. They further argue that the amended petition should not relate back to the original petition against Agosta, filed over seven months earlier. In support they cite various cases in which plaintiffs attempted, after the running of prescription, *866 to amend their petitions by joining completely new and unrelated defendants; applying the criteria of Ray v. Alexandria Mall, supra, the courts have disallowed the amendments. See, e.g., Moon v. Shreveport Associates, 571 So.2d 799 (La. App. 2 Cir.1990); Newton v. Ouachita Parish School Bd., 624 So.2d 44 (La.App. 2 Cir.1993).
When the plaintiff seeks to add a new defendant by amended petition filed after the prescriptive period has elapsed, competing interests arise: the plaintiff's right to proceed against the correct defendant, and the defendant's right to be free of stale and prescribed claims. Article 1153 and its interpretation by Ray v. Alexandria Mall, supra, represent the legislative and judicial effort to balance these competing interests. We find, however, that when the amended petition is clearly within the prescriptive period, there is no countervailing interest to prohibit relation back.
Despite the dearth of Louisiana jurisprudence, this conclusion finds support in the text of the source. Rule 15(c), as amended,[3] provides in pertinent part:
An amendment of a pleading relates back to the date of the original pleading when
(1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and * * * the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the property party, the action would have been brought against the party. * * *
(Emphasis added)
The emphasized passage shows that this rule "expressly allows" the relation back of an amended petition which adds or changes parties and is filed within the prescriptive period. See, James W. Moore et al., Moore's Manual Federal Practice & Procedure, § 9.51[7][a][iii]. In Farner v. Fireman's Fund Ins. Co., 748 F.2d 551 (C.A.10, 1984), the court stated, "An amendment adding a party unrelated to the original defendant does not relate back to the date of the original pleading if the amendment is not made within the limitations period for commencing an action against the added party." The clear conclusion is that if such an amendment is filed within the prescriptive period, then it relates back. That is precisely the situation here.
Moreover, even if we were to apply the criteria of Ray v. Alexandria Mall, supra, the amendment would relate back. The claim obviously arises out of the same transaction or occurrence as that originally alleged; Glock and Simmons knew or should have known, owing to the East Carroll suit, that the action would be brought against them. Also, allowing this amendment to relate back does not subject the defendants to defending a prescribed claim. The amended petition in East Baton Rouge is within the prescriptive period, in a court of proper venue and, with respect to Glock, does not pose any issues of personal jurisdiction that cannot still be addressed. In short, the instant record presents no reason to disallow relation *867 back. The East Baton Rouge suit is therefore the first filed and the District Court did not err in sustaining the exception of lis pendens.

Conclusion
For the reasons expressed, the judgments sustaining the defendants' exceptions of lis pendens and dismissing the plaintiffs' suit without prejudice is affirmed at plaintiffs' costs.
AFFIRMED.
NOTES
[1] The amended petition was filed before the effective date of La. C.C.P. art. 1201 C, which mandates service of citation within 90 days of filing. La. Acts 197, No. 517, effective January 1, 1998.
[2] These are: "(1) The amended claim must arise out of the same transaction or occurrence set forth in the original petition; (2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits; (3) The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him; (4) The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed." 434 So.2d at 1087 (emphasis added).
[3] Rule 15(c) was amended in 1966 to clarify the conditions in which an amendment changing or adding defendants after the running of prescription could relate back. The court in Ray was informed by post-amendment jurisprudence even though art. 1153 was not similarly amended. Ray, supra, at fn. 6. Rule 15(c) underwent further amendments in 1991 and 1993.