Judgment rendered January 18, 2023.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 54,595-CW

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

DENNY E. GAMBLE, JR.                          Respondent

versus

LESA GALJOUR GAMBLE                           Applicant

* * * * *

On Application for Writs from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 623,894

Honorable Brady D. O'Callaghan, Judge

* * * * *

WEEMS, SCHIMPF, HAINES,                       Counsel for Applicant
SHEMWELL & MOORE, APLC
By: Kenneth Patrick Haines

LAW OFFICE OF GARY A. BOWERS                  Counsel for Respondent
By: Gary Albert Bowers
    Clinton M. Bowers

* * * * *

Before STEPHENS, THOMPSON, and ROBINSON, JJ.

**ROBINSON, J.**

After unsuccessfully raising a third exception of *lis pendens* in this divorce proceeding, the wife sought supervisory review by this Court, which granted her writ to docket. Following our review of this record, we conclude that the trial court properly denied the exception of *lis pendens*. Accordingly, the writ is recalled and the writ application denied at the wife's costs.

## FACTS

Denny Gamble and Lesa Gamble were married in Caddo Parish on October 10, 2003. Prior to their marriage, they executed a marriage contract that implemented a separate property regime. The marriage contract was recorded in Caddo Parish.

On May 26, 2020, Denny filed a petition for a La. C.C. art. 102 divorce in Caddo Parish against Lesa. He asserted that Lesa left the former matrimonial domicile on May 19, 2020, after telling him that she wanted a divorce. Denny also referred to the marriage contract in his divorce petition. Denny reserved his right to supplement and amend his petition to assert any other cause of action or prosecute any other cause of action available to him.

On May 29, 2020, Lesa filed a petition for a La. C.C. art. 102 divorce in Orleans Parish. She sought interim and final periodic spousal support, a partition of co-owned property, and the use and occupancy of various properties. She reserved all other claims or causes which may be available to her pursuant to the provisions and statutes pertaining to divorce and any and all other claims which may be ancillary or incidental.

On June 18, 2020, Denny filed a supplemental and amended petition in Caddo Parish for a La. C.C. art. 103(2) divorce in which he alleged Lesa's

adultery. He further alleged that Lesa was not entitled to final periodic spousal support because of her adultery and her abandonment of the matrimonial domicile and refusal to return. Denny also asserted a cause of action for the revocation of all donations made by him to Lesa during the marriage on the grounds of ingratitude and cruel treatment as provided in La. C.C. art. 1557. Finally, Denny asserted an action to partition co-owned property and for the settlement of any claims between the parties as provided in La. R.S. 9:2801(A).

On July 31, 2020, Lesa filed an exception of *lis pendens* and an exception of prematurity in Caddo Parish. She maintained that her Orleans Parish proceeding was *lis pendens* to the supplemental petition concerning spousal support and partition of their co-owned property. She argued that Denny's supplemental petition asking for partition, revocation of donations, and determination of spousal support stated new causes of action that do not relate back to his original petition. She also maintained that Denny's request to revoke donations was premature as it was not allowed under La. R.S. 9:291.

On August 25, 2020, Denny filed an exception of *lis pendens* in the Orleans Parish lawsuit. He argued that Lesa's claim for spousal support and use and occupancy were not brought in a separate petition under statutes allowing separate consideration of these claims, but were incidental to her divorce petition and must be dismissed with her divorce action. He also argued that her request for partition, which is also a separate cause of action, was brought ancillary to her divorce petition.

On September 17, 2020, Denny filed a second supplemental and amended petition in Caddo Parish. He amended his claim that Lesa should

2

be denied final periodic spousal support because she was not free from marital fault, she expressly waived any claim for spousal support in the marriage contract, and she can engage in full-time employment as a pharmacist.

On October 5, 2020, Lesa filed exceptions of *lis pendens* and prematurity in Caddo Parish to Denny's second supplemental and amended petition.

On October 16, 2020, Denny filed a third supplemental and amended petition in Caddo Parish. He alleged that Lesa's claim for interim periodic spousal support was extinguished because of her cohabitation with her paramour. He also sought an injunction prohibiting the paramour or any other third person from driving a Fiat vehicle owned by Denny.

In a judgment rendered on November 20, 2020, the Caddo Parish court denied the exception of *lis pendens* because the first suit filed in Caddo Parish involved the same parties in the same capacities and the same transaction or occurrence as the second suit filed in Orleans Parish. The court granted the exception of prematurity as to the action to revoke donations because the parties had not yet divorced.

On December 4, 2020, Lesa filed in Caddo Parish a motion and order for a rule to show cause for divorce pursuant to La. C.C. art. 102 and other incidental relief.

On December 10, 2020, the trial court in Orleans Parish sustained Denny's exception of *lis pendens*, dismissed Lesa's case, including her incidental demands, and declined to transfer her request for spousal support to Caddo Parish. Lesa appealed.

On December 28, 2020, Denny filed a motion for judgment of divorce pursuant to La. C.C. art. 102. He sought within the judgment of divorce a reservation of his rights to prosecute his causes of action to deny Lesa final periodic spousal support, to partition co-owned property and settle any claims between them, to rule any claim by Lesa for interim periodic spousal support was extinguished, to permanently enjoin Lesa from permitting any third-party from driving a Fiat owned by him, and to revoke any donations made by him to Lesa because of her ingratitude and cruel treatment.

On January 26, 2021, an art. 102 divorce judgment was rendered in Caddo Parish. Lesa quickly filed on that same date in Orleans Parish an amended petition seeking a declaratory judgment that the marriage contract precluded an action to revoke donations. Hours later, Denny filed a fourth supplemental and amended petition in Caddo Parish to reinstate his cause of action to revoke all donations made by him to Lesa based on ingratitude and cruel treatment by her.

On February 24, 2021, Lesa filed a third exception of *lis pendens* in Caddo Parish. She asserted that on January 26, 2021, she filed an amended petition in Orleans Parish seeking a declaratory judgment on the revocation issues raised in Denny's fourth supplemental and amended petition. She also asserted that her original petition in Orleans Parish was the first filed suit on the issues of spousal support and property issues. She argued the Orleans Parish proceeding was *lis pendens* to the Caddo Parish proceeding regarding revocation of donations, spousal support, and partition of co-owned property. She noted that the Orleans Parish court's ruling on December 10, 2020, which sustained Denny's exception of *lis pendens*, was

4

on suspensive appeal to the Fourth Circuit, and that she had applied for a writ from the Caddo Parish court's denial of her exception of *lis pendens*.

On March 3, 2021, this court denied Lesa's writ application to review the trial court's November 2020 ruling denying her exception of *lis pendens*. The Louisiana Supreme Court also denied the writ. *Gamble v. Gamble*, 21-00475 (La. 6/1/21), 316 So. 3d 835.

On May 17, 2021, the Caddo Parish court rendered judgment denying Lesa final periodic spousal support.

On November 7, 2021, the Caddo Parish court denied Lesa's third exception of *lis pendens*. Denny was allowed to proceed forward on the merits of his property claims without awaiting a declaratory judgment from the Orleans Parish court.

On December 1, 2021, the Fourth Circuit ruled that the Orleans Parish court had erred in granting the exception of *lis pendens* regarding Lesa's incidental demands and dismissing them. The court concluded that because Lesa was the first to claim incidental relief, *lis pendens* did not apply. *Gamble v. Gamble*, 2021-0126 (La. App. 4 Cir. 12/1/21), __ So. 3d __, 2021 WL 5629265.

On December 23, 2021, Lesa filed a motion for reconsideration in the Caddo Parish case on the grounds that the Fourth Circuit had found that she could move forward with her claims in Orleans Parish. The motion was denied.

Lesa applied for a supervisory writ with this Court. The writ was granted on April 8, 2022. Less than two weeks later, the Louisiana Supreme Court reversed the Fourth Circuit and reinstated the dismissal of Lesa's original lawsuit in Orleans Parish. *Gamble v. Gamble*, 22-00102 (La.

4/20/22), 336 So. 3d 452. The Supreme Court concluded, "There is no statement in La. C.C. art. 105, La. C.C.P. art. 425, or La. C.C.P. art. 1061 that a defendant in a divorce action may contemporaneously file a separate claim for ancillary relief in a different court from that in which the first divorce action has been filed." *Id.*, 22-00102 at p. 3, 336 So. 3d at 454. With the Supreme Court's decision as a backdrop, we consider the Caddo Parish court's denial of Lesa's third exception of *lis pendens*.

**DISCUSSION**

Lesa contends that her declaratory judgment action in Orleans Parish and Denny's fourth supplemental petition in Caddo Parish both seek determination of the same issue concerning the revocation of donations made by Denny to Lesa during their marriage. However, she filed her declaratory judgment action before Denny filed his fourth supplemental and amending petition. Thus, in her estimation, she was the first to file a pleading addressing the revocation of donations issue, making her action *lis pendens* to his action.

Lesa also contends that the fourth supplemental and amending petition cannot relate back to the original petition for a variety of reasons. First, the original petition, which sought only a La. C.C. art. 102 divorce and no incidental relief, was resolved by the judgment of divorce. Second, Denny's subsequent pleading to revoke the donation was dismissed as premature. Third, a new cause of action cannot relate back. A suit for revocation is a separate cause of action from a divorce, and is not incidental to a petition for divorce. The revocation cause of action did not arise and could not be brought until after the divorce was granted. Finally, the principle of relating

6

back in La. C.C.P. art. 1153 has to do with prescription, not who files first within the intent of La. C.C.P. art. 531.

Finally, Lesa argues that the Supreme Court's opinion in this matter is inapplicable to this appeal because that opinion was concerned with ancillary relief under La. C.C. art. 105. An action to revoke donations is not one of the actions listed in art. 105.

Denny maintains that because the cause of action for revocation of his donations arose as a result of Lesa's conduct which occurred prior to the filing of his original petition, the cause of action pled in his fourth amended petition relates back to the original petition.

A trial court's ruling on an objection of *lis pendens*, pursuant to La. C.C.P. art. 531, presents a question of law. Therefore, it is reviewed *de novo*. *Patten/Jenkins BR Popeyes, L.L.C. v. SRG Baton Rouge II, L.L.C.*, 2019-1160 (La. App. 1 Cir. 6/16/20), 306 So. 3d 453.

When two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925. La. C.C.P. art. 531.

The "test" established to determine if an exception of *lis pendens* should be sustained is the same as that for *res judicata*; thus, an exception of *lis pendens* should be sustained if a final judgment in the first suit would be *res judicata* in the subsequently filed suit. *Aisola v. Louisiana Citizens Property Ins. Corp.*, 14-1708 (La. 10/14/15), 180 So. 3d 266.

When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date

7

of filing the original pleading. La. C.C.P. art. 1153. The doctrine of relation back of amended pleadings should be liberally applied, particularly in the absence of prejudice. *Hunsucker v. Global Business Furniture*, 33,972 (La. App. 2 Cir. 9/27/00), 768 So. 2d 698, *writ denied*, 00-3013 (La. 12/15/00), 777 So. 2d 1235.

In *Fortenberry v. Glock, Inc. (USA)*, 32,020 (La. App. 2 Cir. 6/16/99), 741 So. 2d 863, the parents of a man killed when his Glock pistol accidentally discharged filed a negligence-based lawsuit in May of 1997 in East Baton Rouge Parish. The defendants were the individual holding the pistol at the time of discharge and his insurer. In December of 1997, the parents filed a products liability lawsuit in East Carroll Parish against the manufacturer ("Glock"), its president, the U.S. subsidiary, and the seller. Two days after filing the East Carroll Parish lawsuit, the parents amended their petition in East Baton Rouge Parish to add Glock and the seller as defendants, raise products liability claims, and to track the allegations in the East Carroll Parish lawsuit verbatim. All pleadings were within the prescriptive period. The parents requested that service of the amended petition on Glock and the seller be withheld.

Glock filed an answer and raised declinatory and peremptory exceptions in the East Carroll Parish lawsuit. When Glock purportedly learned in April of 1998 that it had been joined in the East Baton Rouge lawsuit, it raised the exception of *lis pendens* in East Carroll Parish. The seller also raised the exception there.

The trial court in East Carroll Parish sustained the exceptions of *lis pendens*. This Court affirmed the trial court. First, this Court noted that La. C.C.P. art. 1153 has been applied to defeat declinatory exceptions. This

Court then noted that when a plaintiff seeks to add a new defendant by amended petition filed after the prescriptive period has elapsed, competing interests arise, with those being the plaintiff's right to proceed against the correct defendant, and the defendant's right to be free of stale and prescribed claims. However, this Court recognized that when the amended petition is clearly within the prescriptive period, there is no countervailing interest to prohibit relation back. Further, this Court concluded that even if the criteria for and against relation back were examined, the record presented no reason to disallow relation back. *Id.*

Although the issue in *Fortenberry* involved the addition of parties rather than the addition of a claim, the same policy considerations underpinning this Court's reasoning in *Fortenberry* are present in the instant matter. The claim for revocation of *inter vivos* donations on the basis of adultery arise out of the same conduct, transaction, or occurrence in the original petition; that is, the termination of the marriage.

Regarding the determination of incidental matters, La. C.C. art. 105 states, "In a proceeding for divorce or thereafter, either spouse may request a determination of custody, visitation, or support of a minor child; support for a spouse; injunctive relief; use and occupancy of the family home or use of community movables or immovables; or use of personal property."

Revocation of an *inter vivos* donation on account of ingratitude may take place only if the donee has attempted to take the life of the donor, or if he has been guilty towards him of cruel treatment, crimes, or grievous injuries. La. C.C. art. 1557.

In *Gamble v. Gamble*, the Supreme Court stated:

The provisions of La. C.C. art. 105, La. C.C.P. art. 425, and La. C.C.P. art. 1061(B) allow, but expressly do not require, a defendant in a divorce action to assert claims for *ancillary matters* (such as for injunctive relief; support; child custody or visitation; and/or the possession of, use of, and/or *ownership interest* related to property and the like) either in the suit for divorce "or thereafter"; therefore, a defendant in a divorce action has the choice of seeking ancillary relief in the divorce action or such a defendant may wait until after the divorce action is concluded.

There is no statement in La. C.C. art. 105, La. C.C.P. art. 425, or La. C.C.P. art. 1061 that a defendant in a divorce action may contemporaneously file a separate claim for ancillary relief in a different court from that in which the first divorce action has been filed. Conversely, La. C.C.P. art. 531 directs that "[w]hen two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925."

The transaction or occurrence at issue in a divorce action is the termination of a marriage. Therefore, when a party, made a defendant in an ongoing divorce action, files a second suit in a Louisiana court seeking relief arising out of the termination of the marriage, between the same parties in the same capacities, the defendant named in the second suit is entitled, under La. C.C.P. art. 531, to have "all but the first suit dismissed by excepting thereto as provided in Article 925."

*Id.*, 22-00102 at pp. 3-4, 336 So. 3d at 454 (emphasis added).

The relief that the parties seek arises out of the termination of the marriage. Although Denny's revocation action was premature until the marriage was terminated, the facts underlying his claim occurred during the marriage.

Moreover, Denny's claim, as well as Lesa's declaratory judgment action, will involve an interpretation of the marriage contract. In her amended petition in Orleans Parish, Lesa quoted provisions from the marriage contract and sought a declaratory judgment based upon the marriage contract. In his original petition, Denny referred to the marriage contract as implementing the separate property regime. He also reserved the

10

right to supplement and amend the petition to assert any other cause of action available to him. In his second supplemental and amended petition, he maintained that Lesa was precluded from final periodic spousal support for several reasons, including the terms of the marriage contract.

For the foregoing reasons, we conclude that the trial court in Caddo Parish properly denied Lesa's third exception of *lis pendens*. At Lesa's costs, her writ seeking supervisory review of the trial court's denial of her exception of *lis pendens* is recalled and her writ application is denied.

**WRIT RECALLED; WRIT DENIED.**