571 So.2d 799 (1990)
Norma Baker MOON, et vir., Plaintiffs-Appellants,
v.
SHREVEPORT ASSOCIATES, et al., Defendants-Appellees.
No. 21987-CA.
Court of Appeal of Louisiana, Second Circuit.
December 5, 1990.
*800 Patricia N. Miramon, Shreveport, for plaintiffs-appellants.
Mayer, Smith & Roberts by Walter O. Hunter, Jr., Shreveport, for defendants-appellees.
Before SEXTON, NORRIS and HIGHTOWER, JJ.
HIGHTOWER, Judge.
In this action for personal injuries and loss of consortium, plaintiffs appeal the sustaining of a peremptory exception of prescription. For the reasons hereinafter stated, we affirm.

FACTS
Norma Baker Moon suffered physical injuries on November 18, 1985, when she fell in a parking lot pothole at the North Market Shopping Center, where her place of employment was located in Shreveport. Exactly one year later, she and her husband filed suit for damages, naming two defendants: Shreveport Associates (SA), a foreign partnership which allegedly owned the property, and Commercial National Bank, said to be the proprietor of the improvements located thereon.
Within a couple of months, plaintiffs dismissed their claims against Commercial National Bank with prejudice. Precisely two years after the date of the mishap, they presented an amended petition which substituted Shreveport Associates Limited Partnership (SALP) as the party defendant, supplanting SA.
Maintaining that the action had prescribed (LSA-C.C. Art. 3492) prior to the substitution, SALP filed the exception at issue. In support of its position, the exceptor submitted, from the office of the Secretary of State, certificates of partnership in reference to both SA and SALP; an affidavit from plaintiffs' original attorney attesting that he had no communication with "the defendant" prior to filing suit; an affidavit from SA's agent for service of process, who stated his partnership had no connection with the property where the injury occurred nor any relationship with SALP; and a copy of the assessor's records showing SALP to be the owner of the shopping center. In reply, plaintiffs presented an affidavit from their former lawyer acknowledging that, although having previously learned that SALP of Cleveland, Ohio owned the property, he named the wrong defendant in the original petition due to erroneous service information provided by his associate. Plaintiff Norma Moon also introduced the entire record of her worker's compensation suit based on the same accident, in which her employer made a third party claim against SALP on November 20, 1987, and to which no exception had previously been filed.
*801 Following a hearing and based on the rationale of Ray v. Alexandria Mall, 434 So.2d 1083 (La.1983), the lower court sustained SALP's exception of prescription and dismissed the claims of plaintiffs. This appeal ensued.

DISCUSSION
Under certain circumstances, LSA-C.C.P. Art. 1153 permits an amendment to relate back to the filing of the original petition. In Ray, supra, the Supreme Court formulated four prerequisites for allowing changes in the identity of the defendant to do so:
(1) The amended claim must arise out of the same transaction or occurrence set forth in the original pleading;
(2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;
(3) The purported substitute defendant must know or should have known that, but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him;
(4) The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.
In deciding whether such a substitution relates back, the most frequently discussed factor is probably that of previous notice, either actual or presumed, of the institution of proceedings. In Heimann v. General Cinema Corp. of La., 559 So.2d 919 (La.App. 5th Cir.1990), prescription accrued in favor of the proper defendants whose only earlier notice of the claim arose from demand letters. Cf. Cortinez v. Handford, 490 So.2d 626 (La.App. 2d Cir. 1986), concluding that the correct defendant received notice of the suit, where that party's insurer investigated the claim after being named as an original defendant, and where the same attorney represented both the erroneously named defendant and the substitute defendant. Likewise, in Stevens v. Charter Crude Oil Co., 470 So.2d 535 (La.App. 1st Cir.1985), writ denied, 475 So.2d 358 (La.1985), the court found adequate notice of a suit mistakenly filed against a sister corporation of the correct defendant, when neither the adjusters for the parent corporation and its subsidiaries, nor the attorney representing both defendants, gave any indication of the error to plaintiff's attorney.
In the present case, the amended claim obviously arose out of the same occurrence as alleged in the original petition. Plaintiffs, however, failed to present any evidence indicating SALP had knowledge of the institution of suit prior to receipt of the amendment.
Moreover, the submitted documentation establishes that the two defendants are unrelated. SA is a limited partnership with a principal place of business in Arlington, Virginia. It maintains an apartment complex in Shreveport, where its agent for service of process is located. SALP, on the other hand, has its principal place of business in Cleveland, Ohio, and has designated CT Corporation System, in New Orleans, as its agent for service. The records of the Caddo Parish Assessor's Office clearly reflect that SALP owns the property where the accident transpired.
The affidavit of plaintiffs' former attorney indicates that he knew the identity of the correct defendant, but inadvertently sued SA after failing to confirm the service information allegedly provided by an associate. Of course, the purpose of the amendment was not simply to correct a misnomer, but rather to add a wholly different defendant. Thus, since SALP received no prior notice of the action, the subsequent amendment of the petition did not relate back to the date of the first filing so as to interrupt the running of prescription. See Lowe v. Rivers, 448 So.2d 848 (La.App. 2d Cir.1984). Additionally, the new defendant is unrelated to the first party sued. Accordingly, we affirm the sustaining of the exception of prescription.

*802 CONCLUSION
For the foregoing reasons, the judgment appealed is affirmed with all costs assessed against plaintiffs. AFFIRMED.