768 So.2d 698 (2000)
Sarah E. HUNSUCKER, et vir., Plaintiffs-Appellants,
v.
GLOBAL BUSINESS FURNITURE, et al., Defendants-Appellees.
No. 33972-CA.
Court of Appeal of Louisiana, Second Circuit.
September 27, 2000.
Jack Patrick Harris, Baton Rouge, Counsel for Plaintiffs-Appellants.
E. Joseph Bleich, Counsel for Defendants-Appellees.
Before BROWN, GASKINS and DREW, JJ.
H. DREW, J.
In this products liability suit, plaintiffs appeal a judgment sustaining Globe Business *699 Furniture of Tennessee, Inc.'s exception of prescription.
We affirm.

FACTS
Sarah Hunsucker alleged that she was injured on April 13, 1993 when her chair collapsed while she was working at ConAgra Broiler Co., Inc. Mrs. Hunsucker and her husband filed suit on April 13, 1994 against Global Business Furniture, Computype Office Supply and ConAgra. Computype sold the chair to ConAgra. The Hunsuckers believed that Global manufactured the chair.
Global was to be served through the Secretary of State. On April 22, 1994, the Secretary of State's office issued a letter stating it was unable to take any further action until Global's domicile address was provided. The Hunsuckers subsequently dismissed their claim against ConAgra on March 1, 1995.
On September 4, 1996, the Hunsuckers filed a First Amended Petition which read, in part:
By amending Paragraph 1 of the original petition to read as follows:
1.
Made defendants herein are:
a) Computype, Inc., ....
b) Systemax Incorporated, a domestic corporation, existing under the laws of the State of New York, doing business as Global Business Furniture, 1050 Northbrook Parkway, Suwanee, Georgia 30174. Service of process will be accomplished on Systemax Incorporated d/b/a Global Business Furniture....
According to paragraph 11 of this amended petition, the name "Global Business Furniture" and the Georgia address and a toll-free telephone number were inscribed on the bottom of the chair.
On September 22, 1997, over four years after Mrs. Hunsucker's chair allegedly collapsed, the Hunsuckers filed a second amended petition which read, in part:
By amending Paragraph 1 of the original petition to add an additional defendant as follows:
1.
Made defendant herein is:
a) Globe Business Furniture of Tennessee, Inc., a corporation, existing under the laws of the State of Tennessee, doing business as Global Business Furniture, Inc. and/or Globe Business Furniture, Inc. Service of process will be accomplished on its agent for service of process, Alvin Elders, 90 Volunteer Drive, Hendersonville, Tennessee....
The Hunsuckers now alleged that the name "Globe Business Furniture, Inc." along with the Tennessee address were inscribed on the bottom of the chair.
On July 1, 1998, the Hunsuckers filed a motion to dismiss Systemax as a defendant. The Hunsuckers explained in their motion that they learned that they misidentified Systemax as the chair's manufacturer when the chair was produced at an August 21, 1997 deposition, at which time they discovered the tag identifying the actual manufacturer.
In an amended answer filed on August 6, 1998, Globe stated that the Hunsuckers' claim against it had prescribed. Computype filed a motion for summary judgment on December 30, 1998. The trial court granted Computype's motion for summary judgment and dismissed it as a party on April 16, 1999.
Globe filed the peremptory exception of prescription on July 14, 1999. A hearing on the exception was held on September 9, 1999. By judgment rendered on September 21, 1999, the trial court sustained Globe's exception.

DISCUSSION
The Hunsuckers argue on appeal that the original petition naming "Global *700 Business Furniture" was sufficient to interrupt prescription against Globe.
La. C.C.P. art. 1153, which governs when a plaintiff seeks to add a new defendant after the prescriptive period has run, provides:
When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading.
This article is an attempt to strike a balance between a plaintiff's right to proceed against the correct defendant and the defendant's right to be free from stale and prescribed claims. Fortenberry v. Glock, Inc. (USA), 32,020 (La.App.2d Cir.6/16/99), 741 So.2d 863.
In Ray v. Alexandria Mall, Through St. Paul Property & Liability Ins., 434 So.2d 1083 (La.1983), the supreme court established four criteria to be utilized in determining whether an amendment changing the identity of the party sued relates back to the date of filing of the original petition:
(1) The amended claim must arise out of the same transaction or occurrence set forth in the original pleading.
(2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits.
(3) The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him.
(4) The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.
The doctrine of relation back of amended pleadings should be liberally applied, particularly in the absence of prejudice. Strouse v. M & M Properties, 32,792 (La.App.2d Cir.3/3/00), 753 So.2d 434.
Pretermitting a discussion of the first three elements of the Ray test, we conclude that the fourth element [must not be a wholly new or unrelated defendant] has not been met in this matter as there is no connexity between Globe and Global.
In Moon v. Shreveport Associates, 571 So.2d 799 (La.App. 2d Cir.1990), the plaintiff, having fallen in a pothole at a shopping center, timely filed suit against Shreveport Associates (SA), the alleged owner of the center. Two years after the accident, she amended her petition to substitute Shreveport Associates Limited Partnership (SALP) as defendant. SA was a limited partnership with its principal place of business in Arlington, Virginia and its agent for service of process in Shreveport. SALP had its principal place of business in Cleveland, Ohio and designated a New Orleans agent for service of process. Assessor records reflected that SALP owned the shopping center. Although Moon's former attorney knew SALP was the owner, he named SA in the original petition based upon erroneous service information provided by his associate. This court noted that "the purpose of the amendment was not simply to correct a misnomer, but rather to add a wholly different defendant." Id., 571 So.2d at 801. See also Newton v. Ouachita Parish School Bd., 624 So.2d 44 (La.App. 2d Cir. 1993) [plaintiff incorrectly sued Ouachita Parish School Board instead of Monroe City School Board.].
The Hunsuckers observe that Globe presents itself as Globe Business, Furniture, Inc. [which appeared on the chair's tag], Globe Business Furniture of Tennessee, Inc. [what personnel at the Tennessee facility told the Hunsuckers was the manufacturer's complete name] and Globe Business Furniture [the name on a chair assembly instruction sheet]. The Hunsuckers contend that because Globe holds *701 itself out to the public as Globe Business Furniture, this is sufficiently close to Global Business Furniture such that the defendant named in the original petition is simply a misnomer.
The Hunsuckers also argue that Globe is not a wholly new defendant because they always intended to sue the manufacturer of the chair. Nonetheless, it would seem that the plaintiff in every tort action attempts to sue the tortfeasor. For example, the intent of the plaintiff in Moon v. Shreveport Associates was obviously to sue the owner of the shopping center.
It is not clear why the plaintiffs were tardy in ascertaining the identity of the chair's manufacturer. According to appellants' brief, their counsel was originally advised that ConAgra had custody of the chair, but that around September 12, 1996, he learned from ConAgra's counsel that the chair had been taken into Computype's possession "some time ago." Appellants further explain that at first Computype was unable to confirm whether or not it could locate the chair, which was eventually produced at an August 1997 deposition and remains in the custody of Computype or its counsel. However, this does not establish what attempts were made by plaintiffs to examine the chair while it was still believed to be in ConAgra's possession. In addition, there is no indication that Globe in any way or manner attempted to conceal its identity as manufacturer.
Compare Ray, supra, where the amended petition related back. The original petition named Alexandria Mall as a corporation, an entity which did not exist, when actually a partnership named the Alexandria Mall Company did business as Alexandria Mall. In addition, the mall's liability insurer was named in the original petition, and this insurer had paid Ray's hospital and medical bills. Moreover, the mall's general manager was served with a copy of the original petition prior to the prescriptive period elapsing, and the defendants admitted that they waited silently until prescription had run before filing exceptions which revealed the true identity of the mall's owners. The court found that the defendants "engaged in a smokescreen of legalistic maneuvering in order to dodge judicial resolution of the merits of the plaintiff's claim." Ray, 434 So.2d at 1086.
The Hunsuckers allege in their brief that they learned of the information presented in their first amended petition about Global's location from searching various office supply catalogs, which implies that an entity named Global Business Furniture does exist. Indeed, the first amended petition even provides a Georgia address for Global. Thus, this is not a case in which the Hunsuckers sued a nonexistent entity simply because they mistakenly referred to Global as a company instead of as a corporation. We do note that appellants stated in the first amended petition that this information was gleaned from the bottom of the chair.
Also compare Strouse v. M & M Properties, supra. Strouse, who was injured when she fell through a step outside her trailer, filed suit against the alleged owners and operators of the trailer park: M & M, Alpha Mobile Home Park (Alpha) and William Martin in his capacity as owner of M & M a/k/a Alpha. After prescription had run, and after learning during discovery that Lamayo, Inc. owned Alpha and the trailer, Strouse amended her petition to add Lamayo as a defendant. William Martin and his father were equal shareholders in Lamayo. Martin was considered by this court to have been evasive and uncooperative on the issue of ownership in his responses to Strouse's discovery requests. While Martin indicated that Alpha was not a legal entity, he failed to identify Lamayo as Alpha's owner. This court concluded that Lamayo was not a wholly new or unrelated defendant.
Also compare Montminy v. Jobe, 600 So.2d 121, 124 (La.App.2d Cir.1992), writ denied, 604 So.2d 1003 (La.1992), where this court stated it would have "great difficulty" in finding a sufficient relationship *702 under the fourth Ray criterion if the only factors were that the original defendant worked for one substituted defendant and was the daughter of the other substituted defendant. In finding the fourth criterion satisfied, this court noted that the original defendant utilized her employer's attorney, the same attorney later used by the substituted defendants, and that her pleadings were not "designed to conclude her involvement in the litigation, directly and expeditiously." Id., 600 So.2d at 125.
The Hunsuckers' second amended petition does not relate back to the original petition. Therefore, their action against Globe has prescribed. The exception of prescription was properly granted.

DECREE
At appellants' cost, the judgment is AFFIRMED.