_[iMQORE, J.
Francis Morgan appeals a judgment that dismissed her suit on an exception of prescription in favor of the defendant, TriState Foods L.P. d/b/a County Market 9304. We reverse and remand.

Procedural Background

On March 7, 2000, Ms. Morgan was rolling a shopping basket near the check-out area of the County Market store on Louisville Avenue in Monroe. She slipped, allegedly on a crushed cookie, and her left knee crashed to the floor, resulting in serious injuries.
On February 26, 2001, she filed the instant suit against Investment Cars Unlimited Inc. and/or Southeast Foods Inc., a foreign corporation d/b/a County Market. The petition requested service on Investment Cars’ agent in Metairie, Louisiana; the record does not show that this agent ever accepted it. By letter of March 16, the agent’s office advised plaintiffs counsel that Investment Cars was a used car dealer in Metairie with no connection to the grocery store in Monroe, and that the right defendant was Southeast Foods Inc., d/b/a County Market (“Southeast Foods”), a Mississippi corporation with a registered agent in Monroe.
*582 On March 27, 2001, Ms. Morgan filed a supplemental and amending petition admitting that Investment Cars “is a used car dealer in Metairie, Louisiana with no relation to Southeast Foods Inc. d/b/a County Market.” She named as defendant the right Southeast Foods and successfully served its registered agent in Monroe on March 30.
In April 2001, Tri-State Foods L.P., d/b/a County Market 9304 (“Tri-State”), filed an answer admitting that it operates the County Market on 1 ^Louisville Ave. However, it alleged that Ms. Morgan’s claims had prescribed, and in June 2002 it filed a peremptory exception to that effect. Tri-State argued that its general partner, Southeast Foods, was in no way related to Investment Cars, a used car dealer in Me-tairie. It urged that the amended petition did not relate back to the original (timely) petition because it did not meet the fourth criterion of Ray v. Alexandria Mall, 434 So.2d 1083 (La.1983): “The purported substitute defendant must not be a wholly new or unrelated defendant.”
Counsel for Ms. Morgan argued at the hearing on the exception that he originally sued two defendants: the first, Investment Cars, was totally unrelated to the store, but the second, Southeast Foods, was clarified and correctly named in the amended petition.
The district court sustained Tri-State’s exception. Ms. Morgan applied for a new trial; after hearing arguments the district court maintained its original judgment.
Ms. Morgan now appeals, advancing three assignments of error. She contends that filing a suit in a court of proper jurisdiction and venue interrupts prescription as to every defendant named in the suit, La. C.C.P. art. 3462, and that she correctly named an entity called “Southeast Foods Inc., d/b/a County Market” in her original, timely-filed petition. She also argues that judicial philosophy favors relation back when the name and identity of the true defendant is difficult to ascertain.[1] Sutton v. Short Stop Hamburgers, 31,841 (La.App. 2 Cir. 5/5/99), 737 So.2d 157; Cohen v. Brookshire Bros. Inc., 01-1159 (La.App. 3 Cir. 6/5/02), 819 So.2d 429, writ denied, 02-1767 (La.10/14/02), 827 So.2d 423.
Tri-State counters that Ms. Morgan admitted, in her amended petition, that Investment Cars had no relation to the real defendant, and thus she cannot satisfy the fourth part of the Ray test. Tri-State urges that Sutton and other cases involved “simple misnomers,” and its rationale should not apply when the plaintiff sues the wrong party altogether. Finally, TriState argues that courts refuse to let amendments relate back to the original filing when the newly added defendants did not receive timely notice. Hunsucker v. Global Business Furniture, 33,972 (La.App. 2 Cir. 9/27/00), 768 So.2d 698, writ denied, 00-3013 (La.1/15/01), 777 So.2d 1235; Moon v. Shreveport Associates, 571 So.2d 799 (La.App. 2 Cir.1990), writ not cons., 576 So.2d 23 (1991).

Discussion

The relation back of pleadings is governed by La. C.C.P. art. 1153:
When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or oecur- *583 rence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original petition.
This article attempts to strike a balance between a plaintiffs right to proceed against the correct defendant and the defendant’s right to be free from stale and prescribed claims. Hunsucker v. Global Business Furniture, supra; Fortenberry v. Glock Inc. (USA), 32,020 (La.App. 2 Cir. 6/16/99), 1/741 So.2d 863.
In Ray v. Alexandria Mall, supra, the supreme court established four criteria to be utilized in determining whether an amendment changing the identity of the party sued relates back to the date on which the original petition was filed:
(1) The amended claim must arise out of the same transaction or occurrence set forth in the original pleading.
(2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits.
(3) The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him.
(4) The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.
The doctrine of relation back of amended pleadings should be liberally applied, particularly in the absence of prejudice. Giron v. Housing Authority of Opelousas, 393 So.2d 1267 (La.1981); Hunsucker, supra.
Prescription is interrupted when the ob-ligee commences action against the obligor in a court of competent jurisdiction and venue. La. C.C. art. 3462. The record clearly shows that Ms. Morgan filed suit within the prescriptive period against Southeast Foods, one of at least two entities registered to do business in that name in Louisiana. The original petition named the wrong Southeast Foods (a used car dealer in Metairie), but she effected service on the registered agent for the right one (the grocery store |Rin Monroe) slightly over one month after filing her original petition.
Service of the citation shall be requested on all named defendants within 90 days of the commencement of the action. La. C.C.P. art. 1201 C. The purpose of the 90-day requirement, added by La. Acts 1997, No. 518, is to assure that the defendant receives notice of the suit within a reasonable time after it has been commenced. Anderson v. Norfolk Southern Ry. Co., 02-0230 (La.App. 4 Cir. 3/27/02), 814 So.2d 659, writ denied, 02-1396 (La.9/20/02), 825 So.2d 1169. This article, read in conjunction with C.C. art. 3462, contemplates that the defendant may receive service after the applicable prescriptive period has expired; however, this does not prejudice the defendant, provided the suit was filed timely and in a court of competent jurisdiction and venue.
The recent case of Barnett v. Louisiana State Univ. Med. Center—Shreveport, 02-2576 (La.2/7/03), 841 So.2d 725 illustrates the application of art. 1201 C. Mr. Barnett filed suit against LSU Medical Center and requested service on C.T. Corporations Systems, the wrong agent for service. C.T. advised the plaintiff of the error, and over 90 days later the plaintiff served the correct agent. The supreme court held that Art. 1201 C requires “an accurate request of service upon the proper agent *584 for defendant,” and that it should be attempted within 90 days on the proper agent. Since this did not occur, the supreme court dismissed the suit pursuant to La. C.C.P. art. 1672; however, the clear implication is that had the plaintiff effected service on the right agent within 90 days, the suit would have been viable.
| fiMs. Morgan filed a timely suit against Southeast Foods, the name of the right defendant, and effected service on the right agent within the 90-day period of Art. 1201 C. For this reason, Southeast Foods is not a “wholly new” defendant and the claim is not a new cause of action. Service on Southeast Foods resulted in actual notice to Tri-State, a partnership of which Southeast Foods was general partner. La. C.C.P. art. 1263. There was no prejudice against Southeast Foods and Tri-State, as the 90-day scheme of Art. 1201 C clearly contemplates that timely notice may occur after the prescriptive period has expired. On this record, the action is not “otherwise prescribed” and the fourth criterion of Ray v. Alexandria Mall is satisfied. This distinguishes the case from Hunsucker, Moon, and other cases cited by Tri-State. The district court was plainly wrong to deny the relation back and to sustain the exception of prescription.

Conclusion

For the reasons expressed, the judgment sustaining the exception of prescription is reversed and the case is remanded for further proceedings. Costs are assessed to the defendant, Tri-State Foods L.P. d/b/a County Market 9304.
REVERSED AND REMANDED.

. Counsel for the plaintiff also showed that they filed an earlier suit, April Yvette Gray v. Investment Cars Unlimited Inc., and/or Southeast Foods Inc., d/b/a County Market, No. 994,-461-H in the Fourth JDC, for a 1995 slip and fall in the same grocery store. The defendant in that case did not challenge the way it was named in the petition, and obtained a summary judgment in March 2002. See, Gray v. Investment Cars Unlimited, 36,691 (La.App. 2 Cir. 1/29/03), 836 So.2d 1184.